Sullivan, J.
The plaintiff brought an action of assumpsit against the defendant to recover the amount of a bill of exchange drawn on one Bainbridye, which had .been left by the plaintiff with the defendant for collection. The facts were that Dorsey and Tyson on, &c., at Wheeling, drew a bill of exchange on Bainbridge at seventy days, payable to the order of Knox, Lloyd, and Co.; that the payees afterwards indorsed the bill to the plaintiff, and the plaintiff, before it became due, delivered the bill to the defendant at its branch at Lafayette, where *240 it was agreed between the parties, that, for a Reasonable reward to be paid to the bank, the latter would collect the bill. The bank failed to present the' bill to Bain-bridge either for acceptance or payment, by means whereof the plaintiff alleges he has wholly lost the amount of said bill. There was a general demurrer to the declaration and joinder, on which the Court gave judgment for the defendant.
The State Bank, through one of its branches, having undertaken, for a reasonable reward, to collect the plaintiff’s debt, placed itself in the situation of an agent or attorney, who, for reward, undertakes to perform services for another in the line of his business or profession. He is- bound to a faithful discharge of his duty, and is responsible to his employer for all damages arising from his neglect.
The contract by which the plaintiff in this case left the bill with tíhe bank to be collected, and the promise of the defendant to collect it in consideration of a reasonable reward to be paid by the plaintiff, was in conformity with the custom of the country and the usages of banks. It is insisted, however, that the bank had not the power by its charter to make such a contract. There is nothing in the charter to sustain that objection; nor do we appreciate its force, in the mouth of the bank, as an excuse for its negligence.
Repeated adjudications have recognized the principle that governs this case. The first we shall refer to is the case of Smedes et al. v. The Pres. and Direct. of the Bank of Utica, 20 Johns. R., 372, 3 Cowen, 662. In that case, the plaintiffs deposited in the Bank of Utica for collection a promissory note made by Underhill and Seymour, payable to Spencer and indorsed to the plaintiffs. The note was not paid at maturity, and the bank neglected to give notice to the indorser, by means whereof the latter was discharged. The defendants were held responsible to the plaintiffs for the damages sustained by their neglect. The Court remarked, that the custom of receiving-notes for collection was not founded on mere courtesy, but with a view to the interests of the institution, and was the source from whence profit may and did1 arise. The reasonable expec *241 tation that profit -would result, was a sufficient consideration for the undertaking.
The case of The Bank of Utica v. McKinster, 11 Wend., 473, is to the same effect. That was an action on the case *by McKinster against the hank for breach of duty in neglecting to demand payment of a promissory note, alleged in the declaration to have been left by the plaintiff with the bank to be collected for the benefit of the plaintiff, and in neglecting to give notice of non-payment to the indorsers of the note, whereby McKinster lost his debt. The Court were unanimously of the opinion that the defendants were liable.
In Allen v. Suydam, 20 Wend., 321, it is decided that an agent who receives for collection, before maturity, a bill payable on a particular day after date, is held to strict vigilance in making presentment for acceptance, and, if chargeable with negligence, is subject to the payment of all damages sustained by the owner.
In Fabens v. The Mercantile Bank, 23 Pick., 330, it is said to be a general rule, that if a bank receive a note for collection,, it is bound to make a seasonable demand on the promiser, and in case of dishonour to give due notice thereof to the indorser.
The last case we shall notice is that of The Pres, and Direct, of the Bank of Washington v. Triplett et al., 1 Pet. R., 25. The facts of that case were that one Briscoe, a citizen of Alexandria, drew a bill of exchange on Carnes, a citizen of Washington, payable four months after date to the order of Triplett and Necde. The bill was payable at no particular place. The payees of the bill indorsed it in blank to the cashier of a bank in Alexandria, to be transmitted through that bank to a bank in Washington for collection. The bill was sent -to the Bank of Washington, and not being paid at maturity, suit was brought by Triplett and Neale against the Bank of Washington to recover the amount of the bill. The declaration alleged that the bank did not use reasonable diligence to collect the money, nor take the necessary measures to charge the drawer, but neg lected to present the bill either for acceptance or payment, and *242 to Rave the same protested, &c. In the Circuit Court, judgment was given against the bank for the whole amount claimed by the plaintiffs. There were various points raised in the case, and the judgment of the Circuit Court was reversed; but it was said that the liability of the bank for the bill placed in its hands for collection, depended on the question whether reasonable and due ^diligence had been used in the performance of its duty, and it was admitted by the Court that by failing to demand payment in time, the bank would make the bill its own and become liabel to Triplett and Neale for its amount.
Ii. A. Lochwood, for the plaintiff.
Z. Baird, for the defendant.
The cases cited' decide the one under consideration^ The State Bank, through its branch at Lafayette, agreed with the plaintiff, for a valuable consideration, to collect the bill described in the declaration. The plaintiff confided his interests to the prudence and fidelity of the bank. The. defendant made no effort, as we learn from the declaration, to collect the bill. It was not presented to the drawee for acceptance or payment, consequently there was neither protest nor notice .of its dishon-our. For such negligence, the defendant is responsible to the plaintiff for the damages he has sustained.
The Court erred in sustaining the demurrer to the declaration.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.