ABBOTT and Others *v.* SMITH.

If an attorney at law, to whom a claim has been sent for collection, employs another to collect it, without authority from the client, he will be liable for any damage to the client arising from the negligence or want of skill of such other attorney.

The damages arising from such negligence or unskillfulness are of an unliquidated character, and not, under the R. S. 1843, a subject of set-off.

*Saturday,*        ERROR to the *Dearborn* Circuit Court.
*December 3.*
                ROACHE, J.—Foreign attachment by *Smith* against the plaintiffs in error. Property of the plaintiffs, who were non-residents, was regularly attached. A declaration was filed, containing a count on an account stated, and the money counts. The defendants below appeared and plead the general issue, and notice of set-off. By agreement of parties, the case was tried by the Court, which found for the plaintiff, and rendered a judgment for 1,537 dollars and 89 cents.

In support of his declaration, *Smith* introduced an account stated by *Abbott* and *Brothers*, under date of *June* 30, 1844, exhibiting a series of transactions between the parties, and showing a balance due the former, at that date, of 1,114 dollars and 42 cents.

The defendants proved that in 1840, they placed in the hands of *Smith*, who resided at *Louisville*, *Kentucky*, four notes on *Branham* and *Todd*, amounting, with their interest, to 2,629 dollars and 38 cents, for collection by him as an attorney. The latter immediately forwarded the

notes to *Marshall* and *Cushing*, attorneys resident at *Madison, Indiana*, in the vicinity of which place *Branham* and *Todd* were doing business.

In *March*, 1842, *Marshall* and *Cushing* obtained a judgment on three of the notes for 1,377 dollars and 93 cents.

On the third of *October*, 1843, *Cushing* received from *Branham* and *Todd* railroad scrip, treasury warrants, and some real estate, for which he gave them up the fourth note, which had not been included in the judgment, and entered a credit for the balance on the judgment, for 1,012 dollars and 19 cents. The receipt was signed by *Cushing*, as attorney of *Abbott* and *Brothers*.

Up to this period, it does not appear that *Abbott* and *Brothers* were apprised of the employment of *Marshall* and *Cushing*. Shortly afterwards, in a correspondence between them and *Smith*, they expressed dissatisfaction with the management of the business, and in *February*, 1845, took it out of the hands of *Marshall* and *Cushing*, and transferred it to *Bright* and *Dunn*. The latter got a portion, but not all of the property taken by *Cushing* on the judgment against *Branham* and *Todd*. A portion of the real estate was sold and the proceeds accounted for, and another portion conveyed to *Abbott* and *Brothers*, who still own it. No attempt is shown to have been made by the plaintiffs in error to avoid the settlement or compromise, but all their efforts, up to 1846, seem to have been directed towards making the most out of the property taken on the compromise; and their changes of attorneys had that object merely in view.

In 1846, *Abbott* and *Brothers* directed *Stevens*, their attorney and agent, to take charge of the business and close it up. *Bright* and *Dunn* accounted to the latter for what had come to their hands.

*Stevens*, according to their directions, called on *Smith*, and demanded of him the *Branham* and *Todd* notes, or the money, if collected. *Smith* gave him 240 dollars in small notes, which he had received through *Cushing* on the *Branham* and *Todd* notes, and, being all that had ever come into his hands, denied any further liability.

Nov. Term,
1853.

On this state of facts, the Court found for *Smith* for the amount of the account stated, with interest, and disallowed the claim set up as a set-off.

No question is raised as to the correctness of the claim of *Smith*; but the whole controversy arises as to the demand attempted to be sustained by *Abbott* and *Brothers* as a set-off.

It was the duty of *Smith*, on receiving the *Branham* and *Todd* notes, to use diligence and skill in their collection. If he employed other attorneys under him, without authority from his clients, he was responsible for their acts. If through deficiency of skill or diligence either of himself or of the attorneys employed by him, his client should suffer, he would be liable to an action. In such case the claim would not partake of the nature of a debt; but would be a claim for damages for professional incapacity or negligence; it would be an action sounding in unliquidated damages, which could only be ascertained by the finding of a jury. Such a claim is not a proper subject of set-off. See R. S. 1843, p. 708, s. 204.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*S. C. Stevens*, for the plaintiffs.
*J. Sullivan*, for the defendant.