HUMPHREY LYON AND OTHERS *vs.* OLIVER RICE AND OTHERS.

The statute (Gen. Statutes, tit. 7, sec. 21,) provides that special town meetings may be called by the selectmen on the application of twenty inhabitants qualified to vote in meetings of the town.  Held that such an application is not addressed to the discretion of the selectmen, but that it is their duty to call the meeting when so requested.

Where an application named the day for the meeting, it was held that it was not vitiated thereby, but that the selectmen were at liberty to appoint any other reasonable time.

Where the object of the special meeting stated in the application was the appointing of an agent to manage the ordinary business of the town, and the fixing of the salaries of the agent, the selectmen, and a clerk employed by them, it was held that the object was legal and proper.

Such an application having been made to the three selectmen of the town of *M*, two of the selectmen refused to join with the third in calling the meeting.  The applicants thereupon applied to the Superior Court for a writ of mandamus against the two refusing, to compel them to join with the third in calling the meeting.  Held that the proceeding could not be sustained against the two, but that all three should have been made respondents.  (Two judges dissenting and holding that the three were substantially joined.)

And held that, as the applicants had no special interest in the calling of the meeting beyond the general interest of all the inhabitants and tax-payers, they could not maintain an application for a mandamus in their own names, but that it should have been brought in the name of the state.  (Two judges dissenting and holding that their interest was sufficient.)

Whether a public prosecuting officer should make the application, or whether any inhabitant having a general interest may be a relator and prosecute in the name of the state :- *Quære.*

APPLICATION for a mandamus; brought to the Superior Court in the county of New Haven.  The application was as follows :—

To the Superior Court, now sitting, &c., come Humphrey

Lyon [and twenty-three others,] all residents of the town of
Meriden, in said county of New Haven, and show to said
court that on the 21st day of October, 1873, they were, and
now are, electors and inhabitants and taxpayers of said town
of Meriden, and duly qualified to vote in town meetings of
said town; that on said 21st day of October, and while such
electors, inhabitants and taxpayers, and while so qualified to
vote in the town meetings of said town, they made applica-
tion in writing to E. D. Castello, Oliver Rice and Nelson
Payne, then and now selectmen of said town of Meriden,
that they would call a special meeting of the electors of said
town of Meriden, which application and request, in writing
made, was and is in the words following:—" To the Selectmen
of the town of Meriden, New Haven County, Connecticut.
The undersigned, inhabitants of the town of Meriden, quali-
fied to vote in town meetings of said town, hereby request
you to call a special meeting of the electors of said town of
Meriden, at the Town Hall of said Meriden, on Saturday, the
1st day of November, 1873, at two o'clock in the afternoon
of said day, for the following purposes:—1st. To appoint
an agent to superintend and manage the ordinary business
of the town, and to authorize him to draw orders on the
treasury to pay the ordinary expenses of the town.    2d.   To
fix the salary of the agent of the town, also the salary of
the selectmen and clerk employed by them or by the agent
in the business of the town.    Meriden, October 21st, 1873 ;"
which request was signed by each and all of your applicants.
And your applicants further show that, on or about the 24th
day of October, 1873, they presented, or caused to be pre-
sented, to each of said selectmen said request in writing;
also a warning or call for said meeting properly drawn, and
conforming to the requests made in their said application,
for the signatures of said selectmen, which call or warning
so drawn and made for their signatures was as follows:—
[the form of the call being here set out and stating the
objects of the meeting as above.]    And your applicants say
that, at the time aforesaid, when said request and application
was made to said selectmen as aforesaid, two of said select-

men, to wit, Oliver Rice and Nelson Payne, refused to call a special meeting of the electors of said town, as in said request of your applicants requested, and refused to sign said call or warning, and still refuse so to do, and so refused when requested to join with E. D. Castello in calling a town meeting. And your applicants say that they have no adequate, legal or specific remedy, other than the remedy by a writ of mandamus. And they say that, as the statutes of this state require that special town meetings shall be warned and called at least five days prior to the day upon which they are to be holden, by reason of the refusal of said selectmen to call a special meeting on the day specified in said request of your applicants, a meeting for the purposes named and specified in said request cannot be holden on said day. Wherefore your applicants pray this honorable court to issue a writ of mandamus, requiring and commanding the said Oliver Rice and the said Nelson Payne, selectmen as aforesaid, to join with E. D. Castello, the other selectman of said town, and call immediately a special meeting of the electors of said town of Meriden for the purposes in said request hereinbefore set forth, to be holden at the time stated in said request, or at such other time as this court may order and direct, or to signify cause to the contrary thereof to this court forthwith. And your petitioners will ever pray, etc. Dated at Meriden, the 27th day of October, 1873.

The court ordered notice to the respondents to appear and show cause why the writ should not issue. The respondents appeared and moved to quash the proceeding, which motion being overruled, they filed a demurrer to the application. The court (*Granger, J.*) sustained the demurrer and dismissed the application; whereupon the petitioners brought the record before this court by a motion in error. The points made in the argument sufficiently appear from the opinion.

*Hicks*, for the plaintiffs in error.

*O. H. Platt* and *G. A. Fay*, for the defendants in error.

CARPENTER, J.   The statute authorizes the Superior Court to issue writs of mandamus, and proceed therein and render judgment according to the course of the common law.   At common law the party interested in having an act done, made demand to the party upon whom the duty devolved to do the act.   Upon his refusal he made application, supported by affidavits, to the court for a rule to show cause why a writ should not issue, which was served upon the defendants. Upon the hearing, if it appeared to be a case for the writ, the court made the rule absolute, and thereupon, if the right to it was clear and indisputable, issued a peremptory writ in the first instance ;  otherwise issued a writ in the alternative. If a peremptory writ issued, the only return the defendant was permitted to make to it was that he had strictly complied with it ;  if the alternative, he might return a compliance, or show cause why he had not complied.   In the latter case, if the cause shown was sufficient, no further proceedings were had ; if insufficient, a peremptory mandamus issued.   This we understand to be the common practice now ;  but in some cases the writ in the alternative form will issue in the first instance.

In this case no writ ever issued.   A rule to show cause was granted, the defendants demurred to the application, and the court adjudged the matters therein contained insufficient and dismissed the proceedings.

The several questions arising in the case will be briefly considered.

1.   We think it was the duty of the selectmen to have called a meeting of the town as requested.   The statute provides that " special meetings may be convened when the selectmen shall deem it necessary, or on application of twenty inhabitants qualified to vote in town meeting." The last clause of this sentence becomes inoperative if the discretion of the selectmen extends to it, as the defendants suppose.   The statute evidently intended to give to twenty voters a *right* to ask for a town meeting for any legitimate and proper purpose.   If so, it imposes upon the selectmen a corresponding duty.

We also think that the object of the proposed meeting was

legal and proper. The statute makes the first selectman the agent of the town in the absence of any special appointment. Gen. Statutes, tit. 7, sec. 233. One object of this meeting was to make a special appointment, it nowhere appearing that one had been previously made. Cases may be imagined in which the selectmen would be justified, perhaps, in refusing to comply with such a request, but this is not one of them.

2. The next objection is that the request signed by the plaintiffs specified the day and the hour for the meeting to be held. We do not think it was competent for them to dictate to the selectmen in that respect, and that they might with propriety have disregarded that part of the request. But we are not disposed to apply the strict technical rules which govern writs of mandamus to applications of this kind. They are usually prepared by non-professional men, and should be favorably considered to promote, and not defeat, the end aimed at. The object was clear—a town meeting for the purpose named. The precise time was not material. Had the selectmen complied with the substance and spirit of the request, and called a meeting at any reasonable time, there could have been no complaint.

3. It is next objected that the application is for a writ, directed, not to the board of selectmen, nor to all the members of the board, but to two out of the three members, commanding them to join with the third in doing the act required. A writ issued in the form contemplated by this application would undoubtedly be bad at common law. Tapping on Mandamus, 314. If all the selectmen had been made parties, the application, according to the case of *Fuller* v. *Plainfield Academic School*, 6 Conn., 532, would have been good. As one of the selectmen is not a party, no writ could lawfully issue against him, nor against the board of which he was a member; and, as none could properly issue against the other two without him, it follows that the application was properly dismissed.

4. The remaining objection is, that this proceeding is not in the name of the proper party. The same parties who

signed the petition for a special town meeting, now seek to enforce their request by proceedings instituted in their own name. The subject matter of the proposed writ concerns all the inhabitants of the town alike. The plaintiffs have no interest separate and distinct from others. The authorities, with no exception that we are aware of, agree in holding that in matters of public concern no person not specially interested can maintain a suit in his own name. It is quite clear therefore that in such cases this writ can only issue in the name of the state as plaintiff. As the state is not made a party in this case, we think the application was properly dismissed on that ground.

Whether the prosecuting officer alone may apply for and prosecute this writ in a case like this, or whether it may be prosecuted by any inhabitant of the town as relator, is a question on which the authorities differ. It is held by some that any person having a general interest in the subject matter may be a relator and prosecute this writ in the name of the state. *The People* v. *Collins*, 19 Wend., 56 ; *Hamilton* v. *The State*, 4 Ind., 452 ; *State* v. *County Judge*, 7 Iowa, 187 ; *Hall* v. *The People ex rel. Rogers*, 57 Ill., 307. By others it is held that it can only be prosecuted by a public officer. *The People ex rel. Drake* v. *Regents, &c.*, 4 Mich., 98 ; *Heffner* v. *The Commonwealth*, 28 Penn. S. R., 108 ; *Bobbett* v. *The State*, 10 Kansas, 9 ;. *Linden* v. *Alameda County*, 45 Cal., 6 ; *Sanger* v. *Commissioners of Kennebec County*, 25 Maine, 291 ; *Bates* v. *Overseers of the Poor of Plymouth*, 14 Gray, 163. A determination of this question being unnecessary in the present case, we express no opinion upon it.

There is no error in the judgment of the court below.

In this opinion PARK, C. J., and FOSTER, J., concurred.

PHELPS, J.   I fully concur with the majority of the court in the opinion that the selectmen of a town are required to call a special meeting of the town on the petition of twenty inhabitants qualified to vote in town meetings. This is un-

doubtedly true as a general rule, and no discretion is vested in the selectmen to deny the petition unless the object of it is unlawful, or manifestly frivolous, or otherwise improper. I also agree that the fact that the petition stated a day and hour for the meeting to be held, was no reason for the refusal by the selectmen to call the meeting. They were not bound to a literal compliance with the request, and might have called it at any other reasonable time. The petitioners might have asked for a meeting to be called within a reasonable time without naming it, but that would have enabled a board, who were disposed to disregard the petition, to set up pretexts for not calling it at all, or for making unnecessary and unreasonable delay.

But I am not satisfied with the conclusion to which the court have come with reference to the sufficiency of the application in its designation of the party against whom it is directed. I admit that all the selectmen should have been joined, but think that was substantially done. That it was intended was obvious. The board consisted of three, one of whom was ready and desirous to call the meeting asked for by the petitioners, and the application was for an order requiring the other two to unite with him in doing it. In a matter of public interest extreme technicality should not be permitted to excuse official delinquency where the meaning of the language used is clearly apparent.

I am also unprepared to concur in the views expressed with reference to the want of legal capacity and right in the petitioners to maintain the application. It is undoubtedly true that they must have an interest in the subject matter distinct from and beyond that of the public generally. But that need not be a pecuniary interest. The applicants were the petitioners for the meeting and the parties on one side to the controversy. Their petition was disregarded and denied, and as they claimed wrongfully. They were endeavoring through this application to vindicate the right of petition in respect to a subject matter in which we all agree they were in the right and the selectmen in the wrong—that is, the right to have a public meeting of the town to act upon and

determine certain questions which were properly proposed to be submitted to that meeting. I think that is sufficient to confer upon them a proper legal status as applicants for the remedy sought.

I beg leave for the foregoing reasons, very briefly expressed, to enter my dissent.

PARDEE, J., concurred in the views expressed by Judge PHELPS.