### CHAPMAN v. McCREA ET AL.

NEGLIGENCE.—*Liability of Bank for Failure to Protest Promissory Note.— Pleading.*— A promissory note payable in a bank of this State was deposited, before maturity, with that bank, by a *bona fide* endorsee, for collection; but, on maturity of the note, which remained unpaid, the bank failed to protest the note and to notify the endorser of its non-payment, and within ninety days thereafter the maker was adjudged a bankrupt, whereupon the endorsee sued the bank for damages.

*Held,* on demurrer to the complaint, which alleged such facts and set out a copy of the note, that the complaint is sufficient.

From the Wabash Circuit Court.

*M. H. Kidd,* for appellant.

*W. G. Sayre,* for appellees.

BIDDLE, J.—The appellant complains of the appellees as follows:

That the defendants are partners, doing a general banking business at the city of Wabash, in the State of Indiana, under the firm name and style of the Citizens Bank, and especially engaged in making collections and remitting the proceeds for hire; that, on the 23d day of September, 1875, the plaintiff placed in the hands of the defendants, as such partners, engaged in conducting said Citizens Bank, for collection, and the defendants then and there undertook and faithfully promised to collect, for a reasonable compensation, a certain promissory note made by John R. Wallace and Cornelius E. Deihl, by the firm name and style of Wallace & Deihl, payable to Dwight Loomis, at the said Citizens Bank, then situated and doing business in the said city of Wabash, said note bearing date August 20th, 1875, and due at sixty days after date, calling for one hundred and seventy-five dollars and ninety-five cents, payable at the defendants' bank, and by said Loomis, who was at the time and still is solvent, for a valuable consideration, endorsed in writing on the back thereof, before maturity, to the plaintiff, a copy of which is filed herewith; that the said note was not paid at maturity or any part thereof; that, at the maturity of said note, the same was in the possession of the defendants and of their bank for collection, and that the defendants and their said bank wholly failed and neglected to protest said note for non-payment, and wholly failed and neglected to notify said endorser of the non-payment of said note, whereby the endorser became and is released from his liability to pay the same; that, on the 30th day of December, 1875, the firm of Wallace & Deihl and each of them became insolvent, and were adjudged bankrupts; that said note is still due and unpaid, except the sum of seventy dollars; that, by reason of, etc. Wherefore, etc.

A demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action, was

sustained, and judgment rendered against the appellant. He excepted and appealed.

We can not see any objections to this complaint. It is analogous to the case of *Tyson* v. *The State Bank of Indiana*, 6 Blackf. 225, in which the State Bank was held liable, through its branch at Lafayette, upon a similar state of facts. In the opinion of the court, delivered by SULLIVAN, J., the case is stated as follows:

" The State Bank, through one of its branches, having undertaken, for a reasonable reward, to collect the plaintiff's debt, placed itself in the situation of an agent or attorney, who, for reward, undertakes to perform services for another in the line of his business or profession. He is bound to a faithful discharge of his duty, and is responsible to his employer for all damages arising from his neglect."

In the case of *The American Express Co.* v. *Haire*, 21 Ind. 4, this court quotes, with approval, the following sentence from Edwards on Bills of Exchange, p. 405 :

" Where a bank with whom a note is deposited for collection fails to take the proper steps to charge the drawer or indorsers, in consequence of which the holder is unable to collect the amount of the bill, the measure of damages is the face of the bill with interest."

These principles are fully recognized and approved in the case of *The Montgomery County Bank* v. *The Albany City Bank*, 7 N. Y. 459.

In the case before us, the note received for collection by the Citizens Bank was commercial paper, and the failure to protest it for non-payment discharged the endorser.

We think, therefore, that the facts averred in the complaint make the appellees liable to appellant for whatever damages he has sustained thereby.

The judgment is reversed, at the costs of the appellees, and cause remanded with instructions to overrule the demurrer to the complaint, and for further proceedings.