ALICE DAVIS *v.* BOARD OF EDUCATION
OF THE CITY OF HARTFORD
(2911)

DUPONT, C.P.J., HULL and BORDEN, Js.

Submitted on briefs December 5, 1984—decision released February 26, 1985

*William S. Zeman, Joel M. Ellis* and *Raynald B. Cantin* filed a brief for the appellant (plaintiff).

*Richard H. Goldstein,* corporation counsel, and *H. Maria Cone,* assistant corporation counsel, filed a brief for the appellee (defendant).

BORDEN, J. The plaintiff, employed by the defendant board of education as an elementary school principal, was charged with misconduct and inefficiency and was reassigned to a position as an elementary school teacher after a series of hearings. She sued the defendant, and now appeals[1] from the judgment of the trial court dismissing her complaint on the ground of lack of subject matter jurisdiction.

The complaint was in four counts and sought declaratory,[2] injunctive and monetary relief. It alleged as follows: The plaintiff was employed by the defendant as a regularly appointed and tenured teacher, pursuant to the Hartford Teacher Tenure Act. 24 Spec. Acts 683, No. 277; 25 Spec. Acts 444, No. 319; 33 Spec. Acts 444, No. 368. The plaintiff was notified by letter on July 15, 1977, that she was being formally charged with misconduct and inefficiency. A hearing was held concerning these charges on July 22, 1977, even though the plaintiff was unable to obtain representation from the Hartford Principals and Supervisors Association, Local 22, AFSA, AFL-CIO, her collective bargaining representative. The plaintiff was informed by letter of August 5, 1977, that the charges were substantiated at the hearing and that she was being removed from her position as principal and was being assigned to a teaching position effective September 1, 1977. The state board of labor relations later decided that the July 22, 1977 hearing violated the plaintiff's rights and ordered a new hearing or reinstatement of the plaintiff to her position. A new hearing was held and all but

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. General Statutes § 51-199 (c).

[2] Although the trial court found that the plaintiff was not seeking a declaratory judgment, we read the plaintiff's requests for "findings" defining her rights as claims for a declaratory judgment and consequential relief. See *Milford Education Assn.* v. *Board of Education,* 167 Conn. 513, 520, 356 A.2d 109 (1975); see also Practice Book § 389.

one of the charges were upheld on November 19, 1979. The decision to remove the plaintiff as principal and to reassign her to a teaching position was also upheld.

On December 4, 1979, the plaintiff appealed this decision to the board. Hearings were held on this appeal from April 9, 1980, through March 11, 1981. A decision rendered by the board on April 30, 1981, upheld the prior decision to reassign the plaintiff. She was removed from her position as principal at that time and sustained a loss of wages because the teaching position salary is substantially less than the principal's salary.

We must read the complaint most favorably to the plaintiff. *Reitzer* v. *Board of Trustees of State Colleges,* 2 Conn. App. 196, 201, 477 A.2d 129 (1984). The first count of the complaint essentially states a breach of contract claim. It alleges that the administrative manual, which contains terms and conditions of the plaintiff's employment, was part of the employment contract between the plaintiff and the defendant, but that the procedure described in that manual governing charges of substandard conduct was not followed. The second count alleges that the defendant's state and federal constitutional rights were violated by the defendant's failure to accord her the process due under the administrative manual. In the fourth count,[3] the plaintiff alleges that the Hartford Teacher Tenure Act entitled her to certain procedures which were not followed and that she, therefore, should be reinstated as a principal.

The defendant moved to dismiss the complaint on the basis of lack of subject matter jurisdiction. The trial court agreed and granted the motion. The plaintiff appeals, arguing that the court looked beyond the question of subject matter jurisdiction and improperly dismissed the case on its merits. We agree.

---

[3] The plaintiff is not pursuing the third count on appeal.

"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. *Shea* v. *First Federal Savings & Loan Assn. of New Haven,* 184 Conn. 285, 288, 439 A.2d 997 (1981). In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged. *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 420 n.3, 426 A.2d 1324 (1980)." *Diaz* v. *Board of Directors,* 2 Conn. App. 43, 45, 476 A.2d 146 (1984). "The question of [subject matter jurisdiction] does not involve an inquiry into the merits of the case." *Reitzer* v. *Board of Trustees of State Colleges,* supra, 200.

The trial court, concluding that no contract was alleged in the first count, granted the motion to dismiss because no breach of contract claim could succeed; without an allegation of a contract, the first count was essentially an administrative appeal over which the court did not have jurisdiction; because the plaintiff had no constitutionally protected right to her job as a principal, her second count could not succeed; and, under the fourth count, the plaintiff was not protected by the Hartford Teacher Tenure Act because she was reassigned, not dismissed. The court reached the merits of the plaintiff's claims in granting this motion and erred in doing so.

The plaintiff's complaint, for purposes of subject matter jurisdiction, is sufficient. It alleges breach of contract, raises constitutional claims of due process, and claims that statutory procedures were not followed. Whether there is a contract and what its terms are, whether the plaintiff's right to her principalship is constitutionally protected, and whether there are applicable statutory procedures, are issues outside the scope of a motion to dismiss based on lack of subject matter

jurisdiction.[4] The court's characterization of the action as an administrative appeal which it cannot review was erroneous. *Diaz* v. *Board of Directors,* supra, 48.

The plaintiff is required to allege facts amounting to a colorable claim of injury; see *Reitzer* v. *Board of Trustees of State Colleges,* supra; which the court is competent to entertain. *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 112, 438 A.2d 834 (1981). The Superior Court has broad subject matter jurisdiction over legal and equitable rights. General Statutes § 52-1. The plaintiff's claims were within the scope of the court's subject matter jurisdiction and were properly pleaded. Whether they could withstand a motion to strike for failure to state a claim upon which relief could be granted is another issue, on which we do not express an opinion. See *England* v. *Coventry,* 183 Conn. 362, 365, 439 A.2d 372 (1981); *Reitzer* v. *Board of Trustees of State Colleges,* supra, 199; *Diaz* v. *Board of Directors,* supra, 48. The issue before the court was not whether the plaintiff's claims would be successful, but whether the court could properly hear those claims. *Reitzer* v. *Board of Trustees of State Colleges,* supra, 201. We conclude that it could, under the facts alleged in the plaintiff's complaint.

There is error, the judgment is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.

---

[4] The cases cited by the defendant similarly go to the merits of the case and are inapposite. *Reitzer* v. *Board of Trustees of State Colleges,* 2 Conn. App. 196, 201, 477 A.2d 129 (1984).