[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a mandamus action in which the plaintiffs seek issuance of a writ to compel the Board of Selectmen to call a special town meeting.
Before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction and the plaintiff's motion to cite in additional parties.
 I
The court will first rule on the defendant's motion to dismiss prior to considering the motion to cite in new parties.
Because the court finds that post election changes in the membership of the Board do not moot the action; and that defendants' claims that the duty sought to be compelled is discretionary rather than ministerial and that issuance of such a writ would be futile, do not warrant dismissal of the lawsuit, the motion to dismiss is denied.
On August 1, 1991, the plaintiffs, Paul Quoka and Daniel Gill, filed a complaint seeking the issuance of a writ of mandamus to compel the defendants, Raymond L. Drapko, Chris Jaran, and John Montefalco (hereinafter "defendants"), as members of the Board of Selectmen of the Town of Oxford, to call and warn a special town meeting. The plaintiffs allege the following facts in their complaint. The Town Clerk of the Town of Oxford was presented with a petition signed by more than fifty qualified persons requesting that the Board of Selectmen "call and warn a Special Town Meeting for the purpose of acting upon an ordinance" which reads as follows:
 "The Board of Selectmen for the Town of Oxford shall make vacant, vacate and leave vacant the position of Town Planner."
The defendants have a public duty, under the Town Charter, to call CT Page 2515 and warn the special town meeting within twenty one days of receipt of the petition by the town clerk. The defendants have failed to call a special town meeting within the twenty one days. As to all of those allegations, on October 7, 1991, the defendants filed an answer and four special defenses. The defendants assert in their first special defense that the defendants are not legally required to call a special meeting because the proposed ordinance would be in direct conflict with pertinent provisions of the Oxford Charter, and therefore the proposed meeting would not have a "lawful object."
The defendants assert in their second special defense that the determination of what is a "lawful object" of a town meeting is discretionary. The defendants assert in their third special defense that the action is moot because no practical relief can flow from the decision. The defendants assert in their fourth special defense that the writ of mandamus cannot be issued to the individual defendants because they are no longer members of the Board of Selectmen and the plaintiffs failed to name the "Board of Selectmen" as a party to the action. On October 17, 1991, the plaintiffs filed a reply denying the defendants' special defenses.
On November 13, 1991, pursuant to Practice Book 142, the defendants filed a motion to dismiss for lack of subject matter jurisdiction. Pursuant to Practice Book 143 the defendants filed an accompanying memorandum of law. The defendants assert that the court lacks subject matter jurisdiction over this mandamus action for the following reasons: (1) the matter is moot because even if the proposed ordinance is adopted, the Board of Selectmen for the Town of Oxford cannot terminate the position of the Town Planner because the position is controlled by the Planning and Zoning Commission; (2) the action of removing the Town Planner and vacating the position would violate Sections 9-1, 9-2, 9-9 and 9-11, of the Oxford Charter and the Oxford Personnel Regulations; (3) the case is moot because the Board of Selectmen is not a party to this suit and a writ issued in the defendants' name does not run to the successor members of the Board of Selectmen; (4) the court does not have jurisdiction to issue a writ of mandamus because it would alter the form of government selected by the people of the Town of Oxford; the court does not have jurisdiction to issue a writ of mandamus to compel the performance of a discretionary act; the court does not have jurisdiction to compel an illegal or futile act.
On November 20, 1991, pursuant to Practice Book 143 the plaintiffs filed a memorandum of law in opposition to the defendants' motion to dismiss. In their memorandum the plaintiffs deny the facts asserted in the defendants' motion to dismiss and assert that the defendants' motion to dismiss should be denied because the issues raised by the defendants are not properly CT Page 2516 brought in a motion to dismiss.
On December 18, 1991, pursuant to Practice Book 100, the plaintiffs filed a motion to cite in defendants along with a memorandum of law. The plaintiffs seek to cite in Edward Oczkowski, Robert DeBisschop, and Lillian Frolisch alleging that, since the time of the filing of the complaint, these three persons have replaced the defendants in their positions as members of the Board of Selectmen for the Town of Oxford. Furthermore, the plaintiffs allege that these three replacements, who together constitute the Board of Selectmen for the Town of Oxford, have also refused to perform their public duty of calling and warning a special town meeting.
At oral argument, on January 14, 1992, the defendants filed in court an objection to the plaintiffs' motion to cite in defendants along with a memorandum of law in support of their objection.
The purpose of a motion to dismiss is to test the jurisdiction of the court. Reynolds v. Soffer, 183 Conn. 67, 68, 483 A.2d 1163
(1981). A party may properly use a motion to dismiss when asserting (1) "lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book 143. Barde v. Board of Trustees,207 Conn. 59, 539 A.2d 1000 (1988).
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ v. Blake, 186 Conn. 295, 297,441 A.2d 183 (1983).
The defendants' have filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction over this action. Pursuant to the holding in Baldwin Piano Organ Co., supra, this jurisdictional question must be decided first. But see Fire Casualty Ins. Co. of Connecticut v. Dan-Par Aviation, Inc.,1 Conn. L. Rptr. 148 (January 3, 1990, O'Connor, J.). Thus, the court must determine first whether it has jurisdiction by ruling upon the defendants' motion to dismiss for lack of subject matter jurisdiction.
Subject matter jurisdiction "relates to the court's competency to exercise power. . . ." State v. Malkowski, 189 Conn. 101, 105,454, A.2d 275 (1983). "[E]very presumption is to be indulged in favor of jurisdiction." LeConch v. Elligers, 215 Conn. 701, 710,495 A.2d 1 (1990). "The question of [subject matter jurisdiction] does not involve an inquiry into the merits of the case." Davis v. CT Page 2517 Board of Education, 3 Conn. App. 317, 320, 487 A.2d 1114 (1985), quoting Reitzer v. Board of Trustees of State Colleges, supra, 200. "The superior court may issue a writ of mandamus in any case which a writ of mandamus may by law be granted, and may proceed therein . . . . according to the cause of the common law." General Statutes 52-485(a). A writ of mandamus may be had "to compel the calling of a town meeting." Lyon v. Rice, 41 Conn. 245 (1874). "A trial court that has the competency to adjudicate what duties can be compelled by mandamus has subject matter jurisdiction." Connecticut Pharmaceutical Assn. v. Milano, 191 Conn. 555, 559,468 A.2d 1230 (1983).
The defendants argue, in their memorandum in support of their motion to dismiss, that the court lacks subject matter jurisdiction to entertain this action on the ground that the action the plaintiffs seek to compel is illegal or futile because the board of selectmen does not have the power to terminate the town planner. The defendants further argue that the court lacks subject matter jurisdiction to entertain the action because the decision of whether to call and warn a special town meeting is discretionary and a writ of mandamus may not be issued to compel an official to perform a discretionary duty.
Under General Statutes 52-485(a) and Lyon, supra, the court has the power to hear and determine whether a writ of mandamus to compel the defendants to call and warn a town meeting should issue. The defendant's argument that the board of selectmen does not have the power to call and warn the special town meeting because the purpose of the town meeting would be futile or unlawful does not implicate the court's subject matter jurisdiction. In making such a determination, the court would necessarily have to consider the merits of the underlying action, a consideration which is beyond the scope of a motion to dismiss. Davis v. Board of Education, supra.
The determination of whether the duty sought to be compelled is of a discretionary nature does not implicate subject matter jurisdiction as this determination would also necessitate inquiry into the merits of the case. "It is doubtful whether disagreement about the discretionary or mandatory nature of the defendant's duties implicates a court's subject matter jurisdiction, especially when it is recognized that mandamus will lie, even if the exercise of an official's duty involves discretion, so long as the existence of that duty is ministerial." Connecticut Pharmaceutical Assn., Inc. v. Milano, supra, 559.
The defendants argue, in their memorandum in support of their motion to dismiss, that the court lacks subject matter jurisdiction to hear this matter because the plaintiffs did not name the "Board of Selectmen" as a party but named the defendants individually. CT Page 2518 The defendants argue that as these named defendants are no longer members of the Board of Selectmen itself, this action is moot because any mandamus issued against the named defendants would be ineffective.
"The . . . writ of mandamus is the direct intervention of the State to compel a person, natural or artificial, on whom the law imposes a public duty, to perform that duty." Norwalk Electric Light v. Common Council, 71 Conn. 381, 390, 42 A.2d 82 (1899).
The Norwalk court discussed the issue of whether a writ of mandamus could run to a successor in office although the previous office-holder was named in the complaint. "If the duty [which the plaintiff seeks to compel by mandamus] is a single duty which must be performed by a number of persons holding the same office, the writ may run to them by their official name or by their individual names." Id. "[I]f a duty is a continuous one attached to the office, the writ will run to whoever holds that office." Id. The court should regard the substance of the action and not the mere form, and when a proceeding is instituted in the name of an individual defendant no longer holding office the action "ought to proceed to final judgment, so as to compel his successor in office to do the duty required of him in order to obtain satisfaction." Comely, State's Attorney, ex rel. Donovan v. Lawler, 120 Conn. 610,614-15, 182 A.2d 218 (1935), citing Thompson v. United States,103 U.S. 480, 483 (1880). If it were any other way, "we would always have the unseeming spectacle of constant resignations and reappointments to avoid the effect of the suit." Comely, State's Attorney, ex rel. Donovan v. Lawler, supra, 615.
Failure of the plaintiffs to name the "Board of Selectmen" as a party does not deprive this court of subject matter jurisdiction. The plaintiffs named, in their complaint, the three original defendants as members of the board of selectmen and seek to compel them to perform a duty attached to the offices of selectmen. Plaintiffs named the board of selectmen in substance, if not in form, and under Norwalk and Comely, supra, any writ issued in the present action may be issued to the Board of Selectmen directly or to the original defendants' successors in office as members of the Board of Selectmen. Therefore, the change in the membership of the Board does not render the action moot. The court has subject matter jurisdiction. The defendants' motion to dismiss is denied.
 II
The plaintiffs filed a motion to cite in additional defendants on December 18, 1991 pursuant to Practice Book 100 and General Statutes 52-108. The defendants filed an objection to the plaintiffs' motion. The grounds for the defendants' objection to the plaintiffs' motion to cite in additional defendants is that the CT Page 2519 court does not have subject matter jurisdiction over the action and the plaintiffs have not petitioned the proposed defendants. General Statutes 52-108 provides, in pertinent part, that "new parties may be added and summoned in and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interest of justice requires." Practice Book 103 requires that any motion to cite in or admit new parties must comply with Practice Book 196 and state briefly on what grounds it is made. Practice Book 196 requires that the motion be in writing and shall "have annexed to it a proper order or notice and citation, if one or both are necessary."
The decision of "[w]hether to allow the addition of a party to a pending legal proceeding generally rests in the sound discretion of the trial court." A. Secondino Sons, Inc. v. LoRicco,19 Conn. App. 8, 14, 561 A.2d 142 (1989), citing Lettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d (1980); Christ-Janer v. A.F. Conte Co., 8 Conn. App. 83, 90, 511 A.2d 1017 (1986). "Factors to be considered include the timeliness of the application, the possibility of prejudice to the other party and whether the applicant's presence will enable the court to make a complete determination of the issues." A. Secondino Sons v. A.F. Conte Co., supra, 14.
The plaintiffs' motion to cite in additional defendants complies with the procedural requirements of General Statutes52-108, Practice Book 103, and Practice Book 196. Relief sought by the plaintiffs could be issued against the proposed additional defendants under the present complaint for the reasons already discussed.
The court finds the application timely, not prejudicial to any other party and may well enable the court to make a complete determination of the issue.
FLYNN, JUDGE