[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #101
The plaintiff alleges in its complaint that its insured was injured in an accident caused by the defendant. The plaintiff paid its insured and is subrogated to its insured's rights, and therefore, brings this action to recover sums paid to its insured. The defendant filed a motion to dismiss, claiming that there was full accord and satisfaction. The plaintiff objects to the motion to dismiss, arguing that it is improper procedurally, and a motion for summary judgment would be more proper.
A motion to dismiss is used to contest the jurisdiction of the court. Practice Book 143. Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Gurlacci v. Mayer, 218 Conn. 531, 542 (1991) (citations omitted). "In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged. The question of subject matter jurisdiction does not involve an inquiry into the merits of the case." Davis v. Board of Education, 3 Conn. App. 317, 320 (1985) (citations omitted). Since superior courts have jurisdiction to hear subrogation cases, this court does not lack subject matter jurisdiction.
Furthermore, Practice Book 164 specifically states that "accord and satisfaction. . .must be specially pleaded. . ." (emphasis added). This indicates that the defense of accord and satisfaction indeed does not implicate subject matter jurisdiction. Therefore, the defendant's motion to dismiss is denied.
COFIELD, J.