[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff in the present action is Tobias Anderson. The defendants are the Bloomfield Board of Education and the Superintendent of Schools for Bloomfield, Dr. Paul Copes. On May 15, 1991, the plaintiff filed a complaint in which he seeks a writ of mandamus from the court ordering the defendants to issue to him a high school diploma with a date indicating that he graduated from Bloomfield High School in 1984; the plaintiff's current diploma indicates that he graduated in 1985.
In his complaint, the plaintiff alleges the following: During the 1980-81 academic year, the plaintiff was a ninth grade student at Rham High School in Hebron, Connecticut. During that year, he received a passing grade in a Cardiopulmonary Resuscitation [CPR] course taken as part of a First Aid class. During the 1981-82 academic year, the plaintiff attended, first, Rham High School, then, Weaver High School in Hartford, Connecticut. During the 1982-83 and 1983-84 academic years, the plaintiff attended Bloomfield High School. While attending Bloomfield High School, the plaintiff did not receive a passing grade for the CPR courses offered during either the 1982-83 or 1983-84 academic years. As a CT Page 6767 result, the plaintiff was determined to be two-tenths of a credit deficient of the required credits for graduation in 1984. During the second semester of the 1984-85 academic year, the plaintiff earned two-tenths of a credit and was allowed to graduate from Bloomfield High School with the class of 1985.
The plaintiff asserts that if he had been given proper credit for all course work completed during his high school years, including the CPR course he completed during the 1908[1980]-81 academic year at Rham High School, he would have graduated with the class of 1984. The plaintiff's motivation to have the date of graduation on his diploma changed is due in part to testimony given at a criminal proceeding that resulted in his conviction for kidnapping in the first degree, attempted robbery in the first degree, and attempted sexual assault in the first degree. See State v. Anderson, 212 Conn. 31,561 A.2d 897 (1989). The plaintiff claims that he testified at his trial that he graduated from high school in 1984. The state then impeached the plaintiff's testimony by presenting the testimony of his guidance counselor, who stated that the plaintiff graduated in 1985. The plaintiff alleges that this "impeachment" contributed, in part, to his conviction.
According to the plaintiff's complaint, on or about August 14, 1989, he began to contact various individuals in an attempt to have his graduation date changed; these individuals included, Gerald N. Tirozzi, Commissioner of Education for the State of Connecticut, Mary U. Eberle, Chairwoman of the Bloomfield Board of Education, and Paul Copes, Bloomfield Superintendent of Schools. The plaintiff provided the court with copies of this correspondence.
On July 6, 1993, the defendants filed a motion to dismiss the present action; this motion was accompanied by a supporting memorandum of law. On August 2, 1993, the plaintiff was granted an extension of time in which to respond to the defendants' motion to dismiss. On August 5, 1993, the plaintiff filed a memorandum of law in opposition to the motion to dismiss, along with several exhibits.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). This motion, brought pursuant to Practice Book § 143, "`properly attacks the jurisdiction of the court, essentially asserting CT Page 6768 that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991), quoting Baskin's Appeal fromProbate, 194 Conn. 635, 640, 484 A.2d 934 (1984).
Subject matter jurisdiction "relates to the court's competency to exercise power . . . ." State v. Malkowski,189 Conn. 101, 105, 454 A.2d 183 (1983) . "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." (Citation omitted.) Id. "Whenever the absence of jurisdiction is brought to the notice of the court cognizance of it must be taken and the matter passed upon before it can move further one step in the cause; as any movement is necessarily the exercise of jurisdiction." (Citations omitted; internal quotation marks omitted.) Baldwin Piano Organ v. Blake,186 Conn. 295, 297, 441 A.2d 183 (1983).
In deciding a motion to dismiss, the complaint is "construed [by the trial court] most favorably to the plaintiff"; American Laundry Machinery, Inc. v. State,190 Conn. 212, 217, 459 A.2d 1031 (1983); and "every presumption is to be indulged in favor of jurisdiction." LeConche v.Elligers, 215 Conn. 710, 710, 495 A.2d 1 (1990). "The question of [subject matter jurisdiction] does not involve an inquiry into the merits of the case." (Citation omitted; internal quotation marks omitted; alteration in original.) Davis v.Board of Education, 3 Conn. App. 317, 320, 487 A.2d 1114
(1985).
The defendants move to dismiss on the ground that the Superior Court lacks subject matter jurisdiction to issue a writ of mandamus in the present case. The defendants assert three arguments in support of their motion: (1) the plaintiff has no clear, uncontested, indisputable, immediate legal right to the performance of the acts requested to be compelled; (2) the public officer or board has acted within its discretion and within the scope of the performance of a duty; and (3) adequate remedies at law are available to the plaintiff, such as the pursuit of administrative remedies or an action for declaratory judgment. CT Page 6769
In opposition to the motion to dismiss, the plaintiff argues that if all credits earned while a student at Rham High School had been factored into his total credits earned, his academic record would have reflected enough credits to have allowed him to graduate with the class of 1984. The plaintiff further asserts that the defendants were required, pursuant to General Statutes § 10-16b, to grant to the plaintiff all of the physical education credits earned while at Rham High School and that such a decision is not one left to the discretion of the defendants. The plaintiff also argues that a declaratory judgment action is not available to him. The plaintiff further argues that dismissal is not warranted because there are no administrative remedies available to him and, thus, this court has subject matter jurisdiction over the present case.
"The superior court may issue a writ of mandamus in any case in which a writ of mandamus may by law be granted, and may proceed therein . . . according to the course of the common law." General Statutes § 52-485(a). "This court has subject matter jurisdiction to decide cases in which mandamus is the requested relief." Allen v. Commissioner ofCorrections, 8 Conn. L. Rptr. 478, 480 (April 12, 1993, Hodgson, J.); see Riley v. Bridgeport, 22 Conn. App. 402,405, 577 A.2d 1099 (1990).
The defendants have presented three arguments, set forth above, in support of their motion to dismiss. The first two arguments asserted by the defendants, (1) that the plaintiff has no clear, uncontested, indisputable, immediate legal right to the performance of the acts requested to be compelled and (2) that the public officer or board has acted within its discretion, do not relate to the subject matter jurisdiction of this court. Rather, these arguments relate to either the legal sufficiency of the complaint or the merits of the plaintiff's claim. As stated above, pursuant to Practice Book § 142, a motion to dismiss may only be used to contest jurisdiction, and "[a] predication that the plaintiffs will not ultimately prevail on the merits of their mandamus action does not support a conclusion that the court is without jurisdiction to hear the matter." Allen v. Commissioner ofCorrections, supra. Accordingly, the defendants' motion to dismiss will not be granted on those grounds.
The defendants' third argument in support of the motion to dismiss is that the plaintiff has failed to exhaust CT Page 6770 available administrative remedies in that he has not appealed to the Bloomfield Board of Education for a hearing on this matter; the defendants also assert that the plaintiff could have brought a declaratory judgment action. The plaintiff counters that to appeal for a hearing before the school board would either be futile or inadequate.
The doctrine of exhaustion discourages piecemeal appeals from the decisions of administrative agencies thus "fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." Concerned Citizens ofSterling v. Sterling, 204 Conn. 551, 557, 529 A.2d 666 (1987). "It is a well-settled principle of administrative law that a party may not bring a matter to the Superior Court without first exhausting available administrative remedies . . . . Indeed, the failure to exhaust applicable administrative remedies deprives the court of subject matter jurisdiction." (Citations omitted.) Hyatt v. City of Milford, 26 Conn. App. 194,197, 600 A.2d 5 (1991).
While a claim of failure to exhaust administrative remedies relates to the issue of subject matter jurisdiction, the defendants have failed to set forth the administrative remedies that were available to the plaintiff; their argument goes no further than their claim that the "[p]laintiff could very easily have requested a hearing with the Bloomfield Board of Education to correct the situation concerning which he is complaining. He did not. Additionally, Plaintiff could have brought an action for a declaratory judgment concerning this issue. He did not." (Defendants' Memorandum of Law in Support of the Motion to Dismiss, p. 7) .
In deciding a motion to dismiss, the court may not look beyond the question of subject matter jurisdiction to the merits of the case. See Davis v. Board of Education, supra. This court has subject matter jurisdiction over cases in which a writ of mandamus is requested. See Allen v. Commissioner ofCorrections, supra; Riley v. Bridgeport, supra. The defendants' arguments in support of the motion to dismiss require the court to examine the merits of the plaintiff's case. See Allen v. Commissioner of Corrections, supra. Accordingly, construing the complaint most favorably to the plaintiff and indulging every presumption in favor of jurisdiction, the defendants' motion to dismiss is denied.
Mary R. Hennessey, Judge CT Page 6771