LADISLAS REITZER *v.* BOARD OF TRUSTEES
OF STATE COLLEGES ET AL.
(2070)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued February 2—decision released June 26, 1984

*Joseph D. Garrison,* with whom, on the brief, was *Susan J. Bryson,* for the appellant (plaintiff).

*Laurie Adler,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Robert W. Garvey,* assistant attorney general, for the appellees (defendants).

BORDEN, J. The plaintiff appeals[1] from a judgment of the trial court dismissing his two count complaint on the grounds of lack of subject matter jurisdiction and improper service of process.

The plaintiff, a professor at Southern Connecticut State College (SCSC)[2] since 1961, reached the mandatory retirement age of seventy on August 29, 1982. See General Statutes § 5-162. The defendants are the board of trustees of SCSC, the members of the board and the president of SCSC.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] Effective March 1, 1983, Southern Connecticut State College was renamed Southern Connecticut State University. General Statutes § 10a-87.

The complaint alleged as follows. On September 18, 1981, the plaintiff, by letter to an SCSC administrator, requested that his employment be continued beyond his seventieth birthday as provided by General Statutes § 5-164 (b).[3] This request was denied by the president of SCSC on February 22, 1982. The plaintiff was given no reason for the denial and, despite extensive student and faculty support, was given no opportunity to be heard on the matter. The SCSC administration failed to forward his request to the board, which is his appointing authority, and failed or refused to request that he be continued in employment under General Statutes § 5-164 (b). In the past the board has made and been granted other such requests.

On September 27, 1982, after the plaintiff's retirement, he commenced this mandamus action to compel the defendants to provide him with the reasons for the denial of his request and to hold a hearing to consider whether he should be allowed to continue his employment on a year-to-year basis. The first count of his complaint claimed that the failure to hold a hearing and to provide him with the reasons for the denial of his request deprived him of his rights to procedural due process under article first, § 10 of the constitution of Connecticut. The second count claimed that by failing to provide him a hearing on his request for continued employment as constitutionally required, the board deprived him of his statutory right to a hearing in a

[3] General Statutes § 5-164 (b) provides: "A member [of the state employees retirement system] who has reached the retirement age of seventy may be continued in his position in state service, if such continuation is approved by the commissioner of administrative services. The appointing authority requesting such continuation shall certify in writing to the commissioner of administrative services that the continuation is desirable for the efficient conduct of the state's business and that the member is able and qualified to perform the work required. Approval by the commissioner of administrative services of such continuation shall be for a period of one year, which may be renewed by said commissioner upon request by the appointing authority."

"contested case" under the Uniform Administrative Procedure Act (UAPA). General Statutes §§ 4-166 through 4-189. The defendants moved to dismiss the action on the bases of lack of standing, lack of individual service on the defendants and a prior pending action.[4]

The trial court found that because the plaintiff lacked standing to bring the action, it lacked subject matter jurisdiction. Although the issue of standing was dispositive, the court also found the claim of improper service to be valid.

I

The plaintiff argues in essence that the first count of the complaint alleges facts sufficient to constitute standing to invoke a constitutionally protected interest in continued employment which demands due process safeguards. He maintains that he has standing to bring the action because the constitution guarantees him due process protection for his reputational and property interests. Although we express no opinion on whether the complaint could withstand a motion to strike aimed at the sufficiency of its allegations to state a claim upon which relief can be granted, we agree that its allegations are sufficient to assert his standing.

"Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. See, e.g., *Baker* v. *Carr,* 369 U.S. 186, 204, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962);

---

[4] The court rejected the claim relating to a prior pending action because the other action was withdrawn on August 30, 1982. Neither party challenged this finding and it is not in issue in this appeal.

*Stern* v. *Stern,* 165 Conn. 190, 192, 332 A.2d 78 (1973).
These two objectives are ordinarily held to have been
met when a complainant makes a colorable claim of
direct injury he has suffered or is likely to suffer, in
an individual or representative capacity." *Maloney* v.
*Pac,* 183 Conn. 313, 320–21, 439 A.2d 349 (1981). The
question of standing does not involve an inquiry into
the merits of the case. It merely requires the plaintiff
to make allegations of a colorable claim of injury to an
interest which is arguably protected or regulated by
the statute or constitutional guarantee in question.
*Data Processing Service* v. *Camp,* 397 U.S. 150, 153,
90 S. Ct. 827, 25 L. Ed. 2d 184 (1969); *Ducharme* v.
*Putnam,* 161 Conn. 135, 139, 285 A.2d 318 (1971).

The trial court found that although the challenged
action has caused injury to the plaintiff because of loss
of employment, the interest sought to be protected did
not come within the "zone of interests" protected by
General Statutes § 5-164 (b). The court misconstrued
the claim asserted in the first count of the complaint.
That claim is premised on article first, § 10 of the con-
stitution of Connecticut,[5] which embodies our state pro-
cedural due process provision. See *Roundhouse
Construction Corporation* v. *Telesco Masons Supplies
Co.,* 168 Conn. 371, 376, 362 A.2d 778, vacated, 423
U.S. 809, 96 S. Ct. 20, 46 L. Ed. 2d 29 (1975), on
remand, 170 Conn. 155, 365 A.2d 395, cert. denied, 429
U.S. 889, 97 S. Ct. 246, 50 L. Ed. 2d 172 (1976). In
essence, the plaintiff claims that he has constitution-
ally protected interests in his reputation and his prop-
erty, and that those interests were injured by the
defendants' failure to hold a hearing on his request for
continuation of his employment and to provide him with
notice of the reasons for the denial of the request. See

---

[5] The constitution of Connecticut, article first, § 10 provides: "All courts
shall be open, and every person, for an injury done to him in his person,
property or reputation, shall have remedy by due course of law, and right
and justice administered without sale, denial or delay."

*Board of Regents* v. *Roth,* 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); *Lee* v. *Board of Education,* 181 Conn. 69, 434 A.2d 333 (1980). The injury which he alleges for standing purposes, therefore, is the deprivation of his due process rights. Whether the plaintiff will be successful on a motion to strike or on the merits is immaterial to the issue of standing. The court's inquiry on the motion to dismiss should have focused, not on whether the plaintiff was entitled to notice and a hearing, but rather on whether he had standing to raise the issue of whether he was entitled to notice and a hearing. See *Data Processing Service* v. *Camp,* supra, 152–53.

Standing goes to the court's subject matter jurisdiction. *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 157, 468 A.2d 1251 (1984). Construing the first count of the complaint in a manner most favorable to the plaintiff, as we must; *American Laundry Machinery, Inc.* v. *State,* 190 Conn. 212, 217, 459 A.2d 1031 (1983); we conclude that the plaintiff has alleged sufficient facts to withstand the defendants' motion to dismiss. The cases cited by the defendants are inapposite because they were determined on the merits.[6]

## II

As to the second count, the trial court found that this action did not involve a "contested case" under the UAPA. We agree.

It is by now axiomatic that administrative appeals under the UAPA must be from contested cases, which are proceedings in which either the opportunity for a

---

[6] Also inapposite is the defendants' argument to the effect that the plaintiff lacks standing because he is now retired and thus cannot be *"continued in his position in state service . . . ."* (Emphasis added.) General Statutes § 5-164 (b). His complaint seeks a hearing and, construed in his favor, indicates some sort of preretirement request therefor. The defendants can not deprive him of standing to sue for such a hearing by simply failing to respond until it is too late for it to do any good.

hearing is "required by statute" or in which a hearing was in fact held. General Statutes § 4-166 (2);[7] *Rybinski* v. *State Employees' Retirement Commission*, 173 Conn. 462, 469, 378 A.2d 547 (1977). There is nothing in General Statutes § 5-164 (b) which requires that an opportunity for a hearing be provided, and it is undisputed that no hearing was in fact held.

The plaintiff claims that the constitution is a "statute" within the purview of General Statutes § 4-166 (2) and that therefore his "rights . . . or privileges . . . are required by statute to be determined . . . after an opportunity for hearing . . . ." For purposes of this claim we assume without deciding that he is correct in his assertion that our state constitution entitles him to an opportunity for a hearing.

The defendant's argument requires us to confront a question left unanswered by our Supreme Court: whether the "opportunity for hearing" which is referred to as being "required by statute" under General Statutes § 4-166 (2) includes such an opportunity required by the constitution. See *Rybinski* v. *State Employees' Retirement Commission*, supra, 471 n.5. We conclude that it does not.

Prior to 1973, the phrase "required by statute" read as "required by law." Public Acts 1973, No. 73-620, § 2 amended it to read as "required by statute." Certainly the earlier phrase is broader than the later and is more susceptible of the broad reading urged by the plaintiff. "Statute" in common legal parlance refers to an act of the legislature. Ballentine's Law Dictionary. This use of the word runs throughout General Statutes § 1-1, which is the general definitional provision for statutory language. Furthermore, a statutory

---

[7] General Statutes § 4-166 (2) provides in relevant part: " 'Contested case' means a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ."

amendment is ordinarily intended to effect a change in its meaning; *Heffernan* v. *Slapin,* 182 Conn. 40, 49, 438 A.2d 1 (1980); or to clarify the legislative intent as to a previously existing ambiguity. *Lee* v. *Board of Education,* 181 Conn. 69, 75, 434 A.2d 333 (1980). The legislative history of Public Acts 1973, No. 73-620, § 2 indicates that it was intended to narrow the scope of General Statutes § 4-166 (2) by clarifying a previously perceived ambiguity.[8] Thus, we conclude that if an opportunity for a hearing is required by the constitution, it is not "required by statute" under General Statutes § 4-166 (2).[9]

Thus, the administrative proceedings of which the plaintiff complains did not constitute a contested case. The plaintiff could not, therefore, assert standing under the UAPA.[10] *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 504, 467 A.2d 674 (1983). The court was correct in dismissing the second count of the complaint for lack of subject matter jurisdiction.

The court found, as an alternative basis for dismissing the entire action, that service was improper because the defendants were not served individually. This was error. It is undisputed that the defendants were served only in their official capacities through the attorney general's office. Pursuant to General Statutes § 52-64, in any civil action or proceeding against any board, com-

---

[8] Representative Russell L. Post, Jr., explained that the purpose of the amendment was "to correct an ambiguity created by a Court decision within the last month having to do with the definition of a contested case." 16 H. R. Proc., Pt. 13, 1973 Sess., p. 6436.

[9] The result might well be different if a statute had been read or were required to be read to include the necessity of a hearing in order to save its constitutionality. Cf. *Wong Yang Sung* v. *McGrath,* 339 U.S. 33, 70 S. Ct. 445, 94 L. Ed. 616 (1950). The plaintiff's complaint makes no such claim here, however, as to General Statutes § 5-164 (b).

[10] We note that General Statutes § 4-188a exempts the constituent units of the state system of higher education from the UAPA if certain conditions are met. There was no showing that these conditions have been met and neither party briefed the issue. We therefore decline to discuss it.

mission or officer of the state, service may be made through the attorney general's office. The complaint indicates that this action is against the defendants in their official capacities. The relief sought can only be granted by them in those capacities. Service on them through the attorney general's office was proper.

There is error in part, the judgment, insofar as it dismissed the first count of the complaint, is set aside, and the case is remanded for further proceedings.

In this opinion the other judges concurred.