[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 16, 1991, the plaintiff, Nancy Burton, filed a complaint against the defendants, Redding Zoning Board of Appeals and Homes B.C., Inc., appealing from a decision of the Redding Zoning Board of Appeals to grant a variance to Homes B.C., Inc. for the construction of a driveway. During the hearing at which the variance was granted, the plaintiff intervened pursuant to the provisions of General Statutes, Secs. 22a-19 (a) and 22a-19a, alleging unreasonable pollution and destruction of environmental features on the site as well as of a culturally and historically significant property. The plaintiff allegedly presented the Board with an alternative to the variance application, but the variance was granted nonetheless. This prompted the instant appeal in which the plaintiff claims the defendant, Redding Zoning Board of Appeals, acted illegally and arbitrarily in granting the variance. CT Page 10291
On September 16, 1991, the defendant, Redding Zoning Board of Appeals, filed a motion to dismiss the plaintiff's appeal claiming that the plaintiff lacks standing to appeal the Board's action under section 22a-19 (a) because "the appeal does not raise any environmental issues within the jurisdiction of the Zoning Board of Appeal." Pursuant to Practice Book, Sec. 143, the defendant filed a memorandum of law in support of its motion to dismiss, and the plaintiff filed a memorandum in opposition to the motion.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687,490 A.2d 509 (1985). "The motion to dismiss . . . admits all facts which are well pleaded. . . ." Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). A plaintiff's lack of standing to sue is properly raised by a motion to dismiss because "[s]tanding goes to the court's subject matter jurisdiction." Reitzer v. Board of Trustees of State Colleges, 2 Conn. App. 196, 201, 477 A.2d 129 (1984).
The Connecticut Supreme Court has stated that:
 General Statutes, Sec. 22a-19 permits any person to intervene in any administrative, licensing, or other proceeding and in any judicial review thereof made available by law . . . [T]he intervenor "may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing, or destroying the public trust in the air, water or other natural resources of the state."
Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483,489, 490, 400 A.2d 726 (1978). One who files a verified pleading under section 22a-19 becomes a party to an administrative proceeding and upon doing so has statutory standing to appeal for the limited purpose of raising environmental issues. Id. "By permitting such intervention, the act confers standing to private persons to bring actions to protect the environment." Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 45, 526 A.2d 1329 (1987).
The plaintiff states in her complaint that on July 16, 1991, she intervened at a hearing conducted by the defendant pursuant to the provisions of section 22a-19 (a). The CT Page 10292 plaintiff states that she "alleged in her intervention that granting of the variance would have the effect of allowing unreasonable destruction, pollution or impairment of the public trust in the air, water or other natural resources of the state."
The defendant's argument is that these allegations of environmental harm do not come within its jurisdiction to grant a variance of sight line distances for a driveway entrance. The Connecticut Supreme Court, however, has not recognized any such jurisdictional distinction and has stated that section 22a-19 (a) "plainly provides that intervention is authorized in `any administrative, licensing, or other proceeding. . . .'" Red Hill Coalition, Inc. v. Town Plan Zoning Commission, 212 Conn. 727, 733, 563 A.2d 1347 (1989). (Emphasis in original.) This would make the defendant, Redding Zoning Board of Appeals, subject to intervention by private citizens such as the plaintiff under section 22a-19 (a) because "[z]oning is, of course, an administrative matter." W. Maltbie, The Legal Background of Zoning, 22 Conn. B.J. 2 (1948). See also Red Hill Coalition, Inc. v. Town Plan Zoning Commission, supra.
Clearly, the plaintiff has standing to maintain this appeal because General Statutes, Sec. 22a-19 (a) confers standing upon any private citizen to intervene in any administrative proceeding which is reasonably likely to adversely affect the environment. Therefore, the defendant's motion to dismiss is denied.
WEST, JUDGE