[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED NOVEMBER 8, 1995
Plaintiff Orville C. Karan appeals the CT Page 12981 decision of the defendant department of public health and addiction services denying his application for a license to practice psychology. The department acted pursuant to General Statutes §§ 20-190 and 19a-14(b)(5). The plaintiff appeals pursuant to the Connecticut Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., specifically § 4-183. The department has moved to dismiss, contending that the court lacks subject matter jurisdiction over the appeal. The court finds the issues in favor of the plaintiff.
The plaintiff received a license to practice psychology in Wisconsin in 1976 and practiced in that state until 1988, when he moved to Connecticut to teach at the University of Connecticut. He is presently a professor of psychology at that university.
In May 1989, the plaintiff applied to the department for a license to practice psychology in Connecticut pursuant to § 20-190, which permits the department to issue a license to an applicant without subjecting him to an examination if he is already licensed in another state. Every applicant, including those who are excused from the examination, however, must comply with other statutory provisions, including the requirement in § 20-188 that he "has received the doctoral degree based on a program of studies whose content was primarily psychological from an (accredited) educational institution." The statute provides that the department must make that determination.
The department referred the application to the board of examiners of psychologists for its advice and assistance pursuant to Regs. Conn. State Agencies § 20-188-2(b). No state statute requires the board or the department to conduct a hearing on an application for a license, and neither agency held a hearing with regard to the plaintiff's application. Instead, the department, acting in accordance with the recommendation of the board, denied the application. The basis of the department's action was its determination that the plaintiff's doctoral program was not primarily psychological in content.
In February 1990, the plaintiff brought suit against the department and the board in the United States CT Page 12982 District Court for the District of Connecticut. On September 29, 1992, that court rendered summary judgment in favor of the plaintiff, holding that the plaintiff has a legally protected interest in sitting for the license examination (or qualifying for waiver of the examination) and that the department and board had denied him due process of law. Karan v. Adams et al.,807 F. Sup. 900 (D. Conn., Sept. 29, 1992) (Cabranes, J.). The court ordered the department and board to provide the plaintiff another opportunity to demonstrate that his professional education met their requirements, including the opportunity for the plaintiff to appear personally before the board.
In November 1994, the plaintiff and a witness in his behalf appeared before the board, and the board subsequently accepted further documentary evidence concerning his educational qualifications. In January 1995, the board recommended that the department accept the plaintiff's educational record as qualifying him for licensure and that it issue him a license. On April 24, 1995, however, the department rejected the board's advice and denied the plaintiff's application. On May 22, 1995, in response to the plaintiff's request for clarification, the department reiterated its denial, explaining that it maintained its determination that the plaintiff's doctoral program was not primarily psychological in content. The department's April 24, 1995, decision is the subject of this appeal.
The defendant department moves to dismiss the appeal on the basis that its decision was not rendered in a contested case within the meaning of the Connecticut Uniform Administrative Procedure Act, General Statutes § 4-166 et seq.
Appeals from administrative agencies exist only under statutory authority. An appellant may take advantage of the right to appeal only by strictly complying with the statute that creates the right. Tarnapolv. Connecticut Siting Council, 212 Conn. 157, 163-64
(1989). General Statutes §§ 4-166 and 4-183 provide only a limited right of appeal from state agency actions to this court. Not every action of an administrative agency is appealable. A person may appeal only a "final CT Page 12983 decision," which is defined in § 4-166 as an "agency determination in a contested case." A "contested case," as defined in § 4-166, is a proceeding "in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." A person "does not have a right to appeal unless the (agency) was statutorily required to determine the (person's) legal right or privilege in a hearing or after an opportunity for a hearing." (Emphasis added.) SummitHydropower Partnership v. Commissioner of EnvironmentalProtection, 226 Conn. 792, 802 (1993).
The specific basis of the department's motion to dismiss the appeal is that there is no requirement in any state statute that the department hold a hearing on an application for a license to practice psychology. Therefore, it argues, the plaintiff has no right to appeal the denial of his application, citing Summit Hydropower,supra.
With regard to the federal court decision, the department argues that that court found that the federal constitution required that the plaintiff was entitled only to an extremely limited hearing. The court did not, it contends, find that the plaintiff had a constitutional right to a contested case hearing as provided in the Connecticut Administrative Procedure Act, §§ 4-177
through 4-181a, citing Karan v. Adams, supra,807 F. Sup. 915. Therefore, it argues, the limited hearing that was held was not sufficient to qualify the proceeding as a contested case.
This court agrees with the department that there is no state statute explicitly requiring a hearing on the plaintiff's application. The department's arguments concerning the effect of the federal court's decision may not be sustained, however.
A threshold question is whether a federal constitutional due process right to a hearing, as contrasted with an explicit state statutory right, satisfies the contested case requirement of the state administrative procedure act. CT Page 12984
In Reitzer v. Board of Trustees of State Colleges,2 Conn. App. 196, 203 (1984), the Appellate Court held "that if an opportunity for a hearing is required (only) by the constitution, it is not `required by statute' under General Statutes § 4-166(2)." The court noted, however, that "the result might well be different if a statute had been read or were required to be read to include the necessity of a hearing in order to save its constitutionality," citing Wong Yang Sung v. McGrath, 339 U.S. 33
(1950). Id., n. 9. That footnote is the only authority that has been brought to this court's attention that is indicative of Connecticut law on the precise issue. Our Supreme Court has cited Wong Yang Sung with approval in at least two cases, but in slightly different contexts. SeeLewis v. Gaming Policy Board, 224 Conn. 693, 708-09
(1993), and Rybinski v. State Employees RetirementCommission, 173 Conn. 462, 471 n. 5 (1977). The Reitzer
footnote, supra, however, is strong indication that such a hearing, resulting from a constitutionally required interpretation of a statutory procedure, would qualify the proceeding as a contested case.
The justification for expanding the meaning of the "required by statute" limiting language in § 4-166(2), as suggested by the Reitzer footnote, is that the limitation is designed to exclude "hearings of less than statutory authority, not those of more than statutory authority."Wong Yang Sung v. McGrath, supra, 229 U.S. 50; Lewisv. Gaming Policy Board, supra, 224 Conn. 709. Furthermore, such an expansion of the statutory meaning, compelled as it is by the constitution, does not usurp the legislature's prerogative to determine under what circumstances a hearing is required. This is because a statute is "intended to be subject to constitutional requirements, and . . . those requirements are to be considered as embodied in the statute, if its terms do not exclude such requirements." Bridgeport Bowl-O-Rama v.Zoning Board of Appeals, 195 Conn. 276, 283 (1985). "We are bound to assume that the legislature intended, in enacting a particular law, to achieve its purpose in a manner which is both effective and constitutional." (Citation and internal quotation marks omitted.) Beccia v.Waterbury, 192 Conn. 127, 135."
The court holds, for the reasons set forth above, CT Page 12985 that if a statute must be read to include the necessity of a hearing in order to save its constitutionality, such hearing is deemed "required by statute" within the meaning of General Statutes § 4-166(2) and may qualify the proceeding as a contested case under the administrative procedure act.
In the present case, as the plaintiff points out, the federal court held that the "constitutional defect lies in the procedures used for determining whether certain candidates have satisfied those (statutory) standards."Karan v. Adams, supra, 807 F. Sup. 915. Those procedures are embodied in General Statutes §§ 20-188 and 20-190. The court held that the proper remedy was to add to those procedures the requirement that the department provide the plaintiff an opportunity to demonstrate his credentials to the board in person. In effect, the court held that the due process provision of the federal constitution requires that the state statutes be interpreted in this case as affording the plaintiff the opportunity to be heard. This court holds, therefore, that the procedure ordered by the federal court in this case is "required by statute" within the meaning of § 4-166(2).
The question remains whether the procedure ordered by the federal court and conducted by the board in this case was a "hearing."[1] As noted, the department argues that that procedure was not a hearing within the contemplation of the administrative procedure act and, therefore, even if deemed to be required by statute, does not qualify the case as a contested case under that act.
Before formulating its order, the federal court observed that "the private interest at stake here is close to that of a vested property right, since the practical effect of denying licensure to a practicing psychologist who moves to Connecticut approaches that of revoking a psychologist's license." Therefore, the court reasoned, the plaintiff must be provided "the opportunity to be heard at a meaningful time and in a reasonable manner." (Citations and internal quotation marks omitted.) Karan v. Adams, supra 807 F. Sup. 914. The court then held that this opportunity must include "at CT Page 12986 a minimum" the opportunity to present written records and statements from himself and others concerning his educational background and the opportunity to appear personally before the board and testify. Id., 915.
Although the federal court ordered that the board provide the plaintiff the opportunity to appear personally and testify and present documentary evidence, it qualified that order by not requiring that the proceeding be conducted in accordance with the contested case provisions of the Connecticut Uniform Administrative Procedure Act, General Statutes § 4-177-178. The court also held that "it is not necessary to require the establishment of a formal appeals process, desirable as such a process may be." Karan v. Adams,supra, 807 F. Sup. 915.
In Rybinski v. State Employees' Retirement Commission,supra, 173 Conn. 462, the Supreme Court was presented with the question of what constitutes a "hearing" for purposes of determining whether an administrative proceeding qualifies as a "contested case." Although the court referred to the procedural requirements of the administrative procedure act, it did not limit the definition of the term "hearing" to a proceeding that conforms to those specific requirements. Rather, the court adopted a more expansive definition.
 A "hearing has been defined as a proceeding of relative formality, generally public, with definite issues of fact and law to be tried, in which parties proceeded against have a right to be heard, and is much the same as a trial . . . A hearing can be a proceeding in the nature of a trial with the presentation of evidence, it can be merely for the purpose of presenting arguments, or, of course, it can be a combination of the two . . . Not only does a hearing connote an adversarial setting, but usually it can be said that it is any oral proceeding before a tribunal. . . Our cases consistently recognize the generally adversarial nature of a proceeding considered a "hearing," in which witnesses are heard and testimony is taken. CT Page 12987
(Citations and internal quotation marks omitted; emphasis added.) Rybinski v. State Employees' RetirementCommission, supra, 173 Conn. 469-70.
The proceeding in the present case clearly was of an adversarial nature. The board and department had already ruled that the plaintiff's qualifications fell short of the statutory standard. The purpose of the new proceeding was to give the plaintiff the opportunity to prove that the agencies were wrong. A representative of the department appeared and presented a statement. The plaintiff appeared in person and presented oral testimony and argument. The plaintiff also presented a witness in his behalf, who testified. The plaintiff also presented documentary evidence intended to persuade the board to favor his position. The board then invited the department to file a written response to the plaintiff's evidence and arguments prior to its next meeting. In the court's view, the procedure followed by the board conformed in all respects to that ordered by the federal court.
The court holds that the proceeding ordered by the federal court and conducted by the board was a "hearing" within the meaning of General Statutes § 4-166(2). The fact that the federal court did not require the board to follow all of the provisions of the administrative procedure act does not alter the essential nature of the proceeding that was required by the court's order. And the board in fact conducted a hearing in the ordinary sense of that term and as defined by our Supreme Court for contested case purposes.
The court also holds that the hearing held by the board qualifies the case as a contested case even though it was the department, not the board, that rendered the final decision. The whole thrust of the federal court's decision was that no final administrative decision could be made on the plaintiff's application until he had been given the opportunity to be heard. Under the particular statutory and regulatory scheme that existed, the department delegated to the board the responsibility for developing the evidence upon which the department would act. In effect, the CT Page 12988 two agencies acted as one in deciding on the plaintiff's application.
The federal court's statement that it was not requiring "the establishment of a formal appeals process" is not of legal significance. Whether or not a person has a right to appeal a decision of a state administrative agency to the state court is a question to be resolved by the state legislature speaking through its statutory enactments, specifically § 4-183 in this case. SummitHydropower Partnership v. Commissioner of EnvironmentalProtection, supra, 226 Conn. 810-11. That statute provides that a person may appeal an agency's final decision in a contested case. As a result of the federal court's decision, the plaintiff's case here became a contested case and the department's decision was a final decision. Accordingly, the plaintiff has the right to appeal.
The motion to dismiss is denied.
MALONEY, J.