[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
Facts
By a revised substitute complaint dated January 14, 1994, and filed with the court on January 18 1994, the plaintiff, Manuel C. Pimental (Pimental), a Massachusetts resident, seeks to recover CT Page 5093 for personal injuries as a result of the alleged negligence and recklessness of a number of defendants, including the Town of Groton (Groton) and Anthony Nenna (Nenna), an employee/supervisor of the Town of Groton. The other named plaintiff is United States Fidelity Guaranty Company (USFG), Pimental's employer's workers' compensation carrier. USFG seeks to recoup from the alleged tortfeasors monies it has already paid out to Pimental as a result of his injury under the Massachusetts Workers' Compensation Act (MWCA).
The relevant facts are as follows. On August 30, 1990, Pimental was employed as a laborer by Middlesex Corporation (Middlesex), a Massachusetts corporation, on a sewer line project in Groton, Connecticut. While on the construction site, a sewer line broke. The complaint alleges that Nenna, who was supervising the work, instructed the workers to use a, muni-ball[1] to stop the leak. Pimental climbed into the hole in order to position the muni-ball in the burst pipe. The complaint alleges that the muni-ball was overinflated causing it to burst. As a result of the explosion, Pimental allegedly suffered sever and permanent injuries to his face and upper body. The complaint further alleges that USFG has paid workers' compensation payments to Pimental under the terms of its policy issued to Pimental's employer, Middlesex, in compliance with the MWCA.
By a motion filed with the court in December 14, 1995, Groton and Nenna moved for summary judgment against USFG. In support of its claim, the defendants assert that a workers' compensation insurance carrier has no right to bring a direct action for money damages against alleged third-party tortfeasors under Connecticut workers' compensation statute. Applying choice of law principles, however, USFG claims that Massachusetts law should apply because Pimental was a Massachusetts resident injured in Connecticut while employed by a Massachusetts corporation. Furthermore, Pimental subsequently filed a claim and was compensated in accordance with the MWCA. Since Massachusetts law permits an insurer to bring an action against a third-party tortfeasor to recoup any payments made to its insureds' employee, USFG claims that it is a proper plaintiff in this suit.
Before reaching the merits of the defendants' motion, the court notes that the defendants' motion for summary judgment is procedurally inappropriate. Assuming arguendo that Connecticut's laws apply to the facts of this case, the defendants' fundamental position is that USFG is an improper and inappropriate plaintiff CT Page 5094 in this action. Therefore, the defendants' attack really relates to USFG's standing to prosecute this action. Thus, the court's subject matter jurisdiction is at issue. Issues of standing are more properly decided by way of a motion to dismiss. Since all of the parties agree and understand the dispositive issues in this matter, however, the court will ignore the parties' motion labels, and treat the pending motion as a motion to dismiss.
Discussion
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted). Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "[J]urisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of the court . . . ." (Citation omitted; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179, 554 A.2d 728
(1989). "Standing concerns the legal right of an individual to set the machinery of the courts in operation. Standing goes to the court's subject matter jurisdiction." Stroiney v. CrescentLake Tax District, 205 Conn. 290, 294, 533 A.2d 208 (1987). "Lack of standing is properly raised in a motion to dismiss because standing goes to the court's subject matter jurisdiction." Naniav. Borger, 41 Conn. Sup. 90, 93 551 A.2d 781 (1988) quotingReitzer v. Board of Trustees of State Colleges, 2 Conn. App. 196,201, 477 A.2d 129 (1984).
General Statutes § 31-293(a) states in part,
 When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any CT Page 5095 amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail of the action. . . .
Under this statute, it is well established that an insurance carrier does not constitute an employer for purposes of intervention under General Statutes § 31-293. See, Johndrowv. State, 24 Conn. App. 719, 721, 591 A.2d 815 (1991). The plaintiff, however, disputes the application of Connecticut law and claims USFG's right to intervene should be governed by Massachusetts law because Pimental was paid benefits pursuant to the MWCA. The applicable Massachusetts statute states in part that:
 Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof the employee shall be entitled, without election, to the compensation and other benefits provided under this chapter. Either the employee or insurer may proceed to enforce the liability of such person, but the insurer may not do so unless compensation has been paid in accordance with [certain sections of the act] nor until seven months following the date of such injury.
Mass. Ann. Laws ch. 152, § 15 (Law. Co-op. Supp. 1990). Under the plain terms of the Massachusetts statute, an insurance carrier such as USFG has a statutory right to bring a direct action against the third-party tortfeasor in order to recoup its payments. Thus, the dispositive issue on the motion to dismiss is whether the law of Massachusetts or Connecticut is applicable to this case.
In support of its position that this court should apply the law of Massachusetts, USFG cites to O'Connor v. O'Connor,201 Conn. 632, 519 A.2d 13 (1986). In O'Connor, our Supreme Court abandoned the old lex loci delicti conflict of law rule as it applies to torts, and adopted what is more commonly referred to as the interest-analysis approach. Under the plaintiff's reasoning, Massachusetts has the strongest interest in applying its worker's compensation laws because Pimental is a Massachusetts resident, employed by a Massachusetts corporation, CT Page 5096 who when injured in Connecticut, filed a claim and was paid pursuant to the MWCA. Assuming O'Connor states the most applicable choice of law principles, Massachusetts would seem to have a greater interest and connection to this case over Connecticut — the mere site of the injury. The facts of theO'Connor, however, demonstrate that the court was determining the applicable choice of law rules for tort actions, and not for suits involving worker's compensation claims. In Cleveland v.U.S. Printing Ink, Inc., 218 Conn. 181 588 A.2d 194 (1991), the most applicable case for workers' compensation choice of law principles, the court stated:
 The Restatement discusses three approaches taken by courts to determine the territorial application to be given to their local workers' compensation statutes in the absence of explicit statutory authority. . . . According to these views, relief should be obtainable under the workers' compensation act of the state (1) with the most significant relationship to the employment, or (2) with the most significant relationship to the contract of employment, or (3) whose local law would be applied to determine the parties' rights and liabilities in tort. . . . Implementing the choices suggested by the Restatement and in conformity with the 1972 recommendation of the National Commission on State Workmen's Compensation Laws, `[i]n the majority of states, the local statute will be applied if the place of injury, or the place of hiring, or the place of employment relation is within the state.'. . . According to Professor Larson, this rule has introduced `a much greater degree of uniformity and compatibility . . . into this formerly ragged area of the law.'. . . We conclude that the conflict of laws rule recommended by the national commission and Professor Larson, adopted in the majority of jurisdictions, is the rule best suited to serve the purposes of our Workers' Compensation.'
(Citations omitted; emphasis omitted.) Id. 192-3.
Applying the Cleveland rule to the facts of this case, it is necessary to apply Connecticut law because the place of the injury occurred in Connecticut. Moreover, the contract entered into between Middlesex, Pimental's employer, and the Town of Groton specifically states that: CT Page 5097
 The BIDDER'S attention is directed to the fact that all applicable state laws, municipal ordinances, and the rules and regulations of all authorities having jurisdiction over construction of the project shall apply to the CONTRACT throughout, and they will be deemed to be included in the CONTRACT the same as though herein written in full.
(Defendant's exhibit D.)
The court construes the term, "all applicable state laws" to include Connecticut's choice of law rules. USFG claims that this contract provision only applies to the parties to the contract. USFG position is correct in that its terms apply to the City of Groton and Middlesex. Under subrogation principles, however, USFG stands in the place of Middlesex in its attempt to recoup payments, and thus it is equally bound by the contract's provisions.
Looking to General Statutes § 31-293(a) it is clear that an employer "may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee." The employer's right to intervene exists, however, only if the employee made a claim and was paid pursuant to the Connecticut workers' compensation act. In this case, there is no dispute that Pimental collected under the MWCA. As such, Middlesex has no right to intervene in its employees case in Connecticut. Because USFG stands in the place of Middlesex, it also lacks the right to bring suit against the alleged third-party tortfeasors because Pimental's initial claim for benefits was made pursuant to the MWCA.
USFG relies on the case of Hallsmith/Sysco v. UTX, Superior Court, judicial district of Bridgeport, Docket No. 302051 (December 16, 1993, Ballen, J.) for the proposition that an insurer's subrogation rights should be governed by the workers' compensation law of the state where the claim was submitted and paid. While the court admits that the Hallsmith/Sysco case is persuasive in its reasoning, based on the conflict of law principle stated in Cleveland, the court disagrees with that decision.
Because Connecticut's choice of law principles require the CT Page 5098 court to apply Connecticut law, the court finds that General Statutes § 31-293(a) has no application to the facts of this case. Pimental's claim was made and paid under the terms of the MWCA. Therefore, neither his employer, or his employer's insurance carrier, USFG insurance carrier, can intervene in this case. Since there is no other statute in this state that would allow an insurance carrier to bring suit against a third-party tortfeasor in a workmens' compensation context, the court finds that USFG is an improper party to this action.
Having determined that USFG has no standing to intervene or join in Pimental's action against the defendants, the court finds that it has no subject matter jurisdiction over USFG's claims.
Conclusion
For the above-stated reasons, the defendants' motion for summary judgment, more appropriately treated by the court as a motion to dismiss, filed by the Groton and Nenna against USFG is granted.
Hurley, J.