[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this case, the defendant Town has filed a motion to dismiss arguing that the plaintiff has failed to exhaust his administrative remedies and that the plaintiff lacks standing.
The plaintiff, Howard Bennett, filed an amended complaint on April 24, 2000. In the amended complaint, the plaintiff alleges the following facts: The plaintiff is the superintendent of a private nonprofit school in Sprague, and brings this action in his capacity as a representative of the school and its student body and as the chief administrator whose responsibilities are affected by the denial of services. The defendant. Town of Sprague, provides a full time nurse for the public elementary school located in Sprague, but presently provides the plaintiff's school with a nurse for only two hours a day. The plaintiff has requested a full time nurse, but the defendant has refused to provide one. The plaintiff, therefore, claims that the defendant is in violation of C.G.S. §10-217a.
General Statutes § 10-217a provides in relevant part: "Each town or regional school district which provides health services for children CT Page 2943 attending its public schools in any grade, from kindergarten to twelve, inclusive, shall provide the same health services for children in such grades attending private nonprofit schools therein, when a majority of the children attending such schools are residents of the State of Connecticut.
 (I)
As indicated the first ground for the motion to dismiss is based on a claim that a failure to exhaust administrative remedies. "Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed." (Citations omitted.) Drumm v. Brown, 245 Conn. 657, 676 (1998).
Section 10-186 broadly references the "duties of local and regional boards of education" and establishes the mechanism by which the decisions of local boards regarding their fulfillment of those duties may be appealed.
According to the defendant, the plaintiff has failed to exhaust the administrative remedy available under C.G.S. § 10-186. That section provides in relevant part: "(a) Each local or regional board of education shall furnish, by transportation or otherwise, school accommodations so that each child five years of age and over and under twenty-one years of age who is not a graduate of a high school or vocational school may attend public school, except as provided in § 10-233c, and subsection (d) of § 10-233d. . . . (b)(1) If any board of education denies such accommodations, the parent or guardian of any child who is denied schooling, or an emancipated minor or a pupil eighteen years of age or older who is denied schooling, or an agent or officer charged with the enforcement of the laws concerning attendance at school, may, in writing, request a hearing by the board of education." C.G.S. § 10-186.
The defendant is quite correct in pointing out that "accommodations" as used in the statute must be given a broad meaning. Town of Waterford v.Conn. State Board of Education, 148 Conn. 238, 244-45 (1961). But the rule is well established that courts must indulge every presumption in favor of subject matter jurisdiction, Gurliacci v. Mayer, 218 Conn. 531,543 (1991) and there is no reason why this rule should not be applied when failure to exhaust administrative remedies is advanced as a reason for a finding of absence of subject matter jurisdiction. The problem with the defendant's position is that § 10-186 does not provide an administrative remedy in a situation like the one before the court where CT Page 2944 a complaint is raised on behalf of a private school about the actions of a local board of education. The statute unambiguously requires boards of education to furnish "school accommodations so that each child . . . may attend public school . . ." (Emphasis added.)[1]
When the legislature wanted to provide a remedy in the private school situation through the mechanism of an administrative appeal through § 10-186 it knew exactly how to do it. In Board of Education v. StateBoard of Education, 243 Conn. 772 (1998), the court held that § 10-186
was applicable in a situation where the board of education failed to provide adequate transportation to private school students. Section 10-281
obligates school districts to provide children attending non-public nonprofit schools "the same kind of transportation services" provided to children attending public schools. But § 10-281 specifically makes § 10-186 applicable to cases involving transportation of private school students — parents of these students denied transportation "may seek a remedy in the same manner as is provided for parents of public school children in § 10-186 and § 10-187." There is no analogous provision in the statute that mandates the provision of health services for children in private, nonprofit schools § 10-217 (a).
In a supplemental memorandum, the defendant, Town, attaches an affidavit from the superintendent of schools and communications from the plaintiff school to the local board of education regarding its complaint of lack of health services. But the fact that local officials who had the power to respond to the grievance were informally approached does not translate into a waiver of the right to go into Superior Court where no statutory scheme such as § 10-186 provides a mechanism in the case of private schools as to how such complaints are to be heard and the manner in which a local decision may be appealed within the relevant state bureaucracy — here to the State Board of Education. Local authorities cannot confer administrative remedies at their whim; exhaustion requires that the statutory scheme set up a clear administrative remedy with the same right of appeal to a higher state board as that provided to other classes of children. The court will not dismiss this case based on a lack of subject matter jurisdiction because of a failure to exhaust administrative remedies.
 (II)
The second ground on which the motion to dismiss is based is a claim that the plaintiff lacks standing. It is argued that a party meets standing criteria only when the complaint makes a colorable claim of direct injury he has suffered or is likely to suffer in an individual or representative capacity. Bassett v. Desmond, 140 Conn. 426, 430 (1953). Standing goes to a court's subject matter jurisdiction at least when the CT Page 2945 question of standing is involved with the question of standing to claim a cause of action. Reitzer v. Board of Trustees, 2 Conn. App. 196, 201
(1984) as opposed to the validity of the cause of action which should be decided by a motion to strike. See commentary to P.B. § 10-31,Connecticut Practice, at p. 357. The defendant maintains that the revised complaint reveals the plaintiff has brought the action as superintendent; he does not allege direct injury nor does he allege "to be deprived in the capacity of a child or a parent or legal guardian." (Page 8 of 7/31/00 Brief.) All of this raises standing in the sense of a jurisdictional issue. The next assertion by the the defendant concerns merely the validity of the claim — "Nor has he alleged that either or any child within his school has suffered any actual injury as a result of the alleged violation;" the court will not address this factual allegation as it does not go to subject matter jurisdiction.
On the standing issue as it relates to subject matter jurisdiction the complaint claims the named plaintiff is the superintendent of schools and that the defendant, Town, has violated statutes by failing to provide his school with a nurse. He claims to bring the mandamus action "as representative of the school and its student body." Giving the revised complaint that reading which is most favorable. Amodio v. Cunningham,182 Conn. 80, 82 (1980), the court can interpret all this as an allegation that the named plaintiff purports to bring this action in a representative capacity. The question is, given the complaint's allegations can the plaintiff claim standing in a representative capacity? The issue raised by this case has been addressed by our courts in Golden Hill Paugussett Tribe of Indians v. Southbury, 231 Conn. 563,571-73 (1995). There the court said:
"[T]he standing doctrine requires a plaintiff to demonstrate two facts. First, the complaining party be a proper party to request adjudication of the issues. . . . Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party." (Citation omitted; internal quotation marks omitted.) Golden Hill Paugussett Tribe of Indians v. Southbury,231 Conn. 563, 571, 651 A.2d 1246 (1995).
"A complaining party ordinarily can show that it is a proper party when it makes a colorable claim of [a] direct injury [it] has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Internal quotation marks omitted.) Id., 572.
"To demonstrate authority to sue, however, it is not enough for a party merely to show a `colorable claim' to such authority. Rather, the party CT Page 2946 whose authority is challenged has the burden of convincing the court that the authority exists. . . . the burden of proof for questions of authority is higher than that for questions of propriety because the former questions are more important. Lawsuits must be authorized not only to ensure that the litigants fairly and vigorously represent the party's views . . . but also because, if unauthorized lawsuits were allowed to proceed, future rights of the named parties might be severely impaired. Because of the doctrine of collateral estoppel (issue preclusion) and res judicata (claim preclusion), parties named in an unauthorized suit might later be unable to relitigate issues decided in that suit or to bring new claims." (Citations omitted; internal quotation marks omitted.) Id., 572-73.
The problem of how to decide the standing issue and address representational standing is complicated here in a procedural sense. In other words, in this case the defendant in filing its motion to dismiss has not submitted any affidavit contesting the inherent claim in the complaint that the named plaintiff has appropriately sued in a representative capacity. The ordinary rubric in such a scenario is well-stated in the Connecticut Practice commentary to P.B. § 10-31 at p. 358: "When the motion to dismiss does not seek to introduce facts outside of the record, it admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." Duguay v. Hopkins,191 Conn. 222, 227 (1983). So why can't the court relying on the facial allegations of the complaint merely deny the motion to dismiss since the plaintiff, as indicated, has not introduced facts outside the record?
Golden Hill appears to provide the answer. A party whose authority to sue is challenged cannot merely rely on a "colorable claim" to such authority — which must mean mere allegations in the pleadings. "Rather, the party whose authority is challenged has the burden of convincing the court that the authority exists." Id. This variation in motion to dismiss procedure when issues of representational standing arise would appear to make sense since only the plaintiff who brings the complaint in a representational capacity has access to facts and circumstances which would establish that he or she has authority to sue in a representative capacity.
Some evidence must, therefore, be received by the court by way of affidavit or request for an evidentiary hearing wherein the plaintiff establishes his authority to sue in a representative capacity. In other words, an affidavit or testimony must establish the plaintiff is in fact the superintendent or that the by laws or a vote of the school directors authorized the bringing of the suit for example.
The court denies the motion on the basis of the failure exhaust CT Page 2947 administrative remedy grounds but continues the matter for future evidence on the issue of standing.
Corradino, J.