[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The plaintiff Lynette Richards, appeals from a decision of the CT Page 8165 defendant State Board of Education for Services to the Blind ("the board") denying funding for an educational program in which she sought to enroll. The other defendants are Brian Sigman, director of vocational rehabilitation, and Larry Alibozek, executive director of the board. The court dismisses the appeal for lack of subject matter jurisdiction.
 I
The administrative record reveals the following facts. The plaintiff, who has a visual limitation, has been a client of the board since 1991. (Return of Record ("ROR"), Vol. A, Item HO-A ("Agency Decision"), p. 3 ¶ 2.) In 1999, the plaintiff worked with board staff to develop an individualized employment plan calling for the plaintiff to work as a food management aide. (ROR, Agency Decision, pp. 3-4 ¶¶ 4-7.) Pursuant to this plan, the plaintiff applied in April, 2000 for admission to the Connecticut Culinary Institute ("the institute"). (ROR. Agency Decision, p. 3 ¶¶ 7-8.)
The plaintiff then sought financial assistance from the board's vocational rehabilitation division ("the division"). (ROR, Agency Decision, p. 3 ¶ 3; pp. 4-5 ¶ 8.) A division vocational counselor concluded that the plaintiff was not eligible for financial support. The decision was based primarily on a determination by a financial aid officer of the institute that the expected contribution of the plaintiffs family, which consisted of the plaintiff and her husband, exceeded the cost of the education. (ROR, Agency Decision, p. 1; p. 3 ¶ 1; pp. 5-6 ¶¶ 9-10; p. 8 ¶ 17.)
The plaintiff then petitioned the division's director for an informal review of the determination. The plaintiffs main concern was that the division had not considered the amount of debt that her family owed. The division director learned that the institute followed the federal government's approach on student aid applications, which precluded taking personal debt into account. On September 7, 2000, the director sustained the vocational counselor's decision. (ROR, Agency Decision, pp. 6-9 ¶¶ 13-20.)
The plaintiff next requested a formal hearing pursuant to § 10-308-1a
of the Regulations of Connecticut State Agencies. (ROR, Agency Decision, p. 2).[1] On May 4, 2001, after a hearing, a hearing officer issued a written "Ruling on Appeal" in which he upheld the director's decision. The hearing officer reasoned that the board's regulations ordinarily delegate the determination of financial need to the educational institution's financial aid officer and that the board in this case properly deferred to that determination, including the determination that personal debt did not factor into the calculation of financial need. The CT Page 8166 hearing officer also found that there was no mathematical error or other basis for a waiver of the usual eligibility criteria under the regulations. (ROR, Agency Decision, pp. 14-18.) See Regs., Conn. State Agencies §§ 10-306-12a (6) and (7).
The plaintiff appeals from this decision.
 II
There is no absolute right of appeal to the courts of this state from a decision of an administrative agency. See Lewis v. Gaming Policy Board,224 Conn. 693, 699, 620 A.2d 780 (1993). "The [Uniform Administrative Procedure Act, General Statutes § 4-166 et seq., ("UAPA")] grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances." (Internal quotation marks omitted.) Lewis v. Gaming Policy Board, supra, 699-700. In the absence of a grant of power from a statute, the court lacks subject matter jurisdiction over an appeal from an agency decision. Id., 699-700.
Section 4-183 (a) of the UAPA applies to this case and provides in part that a person "who is aggrieved by a final decision may appeal to the Superior Court as provided in this section."[2] A "final decision," in this context, means "the agency determination in a contested case." General Statutes § 4-166 (3)(A). In Summit Hydropower Partnershipv. Commissioner of Environmental Protection, 226 Conn. 792, 811,629 A.2d 367 (1993), the Supreme Court defined a "contested case" as a proceeding "in which an agency is required by statute to provide an opportunity for a hearing to determine a party's legal rights or privileges." (Emphasis in original).[3]
The plaintiff fails to identify any state statute, and the court is not aware of one, that requires the board to hold a hearing for a person wishing to contest a decision by the director of the division of vocational rehabilitation denying financial support of the person's employment plan. The most that the plaintiff can offer is that the various statutes in Chapter 174 of the General Statutes, §§ 10-293 to10-311 a, which address education of the blind, require the board "to determine [the plaintiffs] legal rights, duties and privileges." (Plaintiff's Supp. Mem. of Law, pp. 6-9.) The plaintiffs argument is premised on language in the statutory definition of "contested case." See supra note 3. As Summit Hydropower made clear, however, the determination of a person's "legal rights and privileges" must take place in a hearing "required by statute" for there to be a contested case." (Emphasis in original.) Summit Hydropower Partnership v. Commissioner of EnvironmentalProtection, supra, 226 Conn. 811. CT Page 8167
The fact that a hearing was held in this case is not material. Lewisv. Gaming Policy Board, supra, 224 Conn. 700. As the hearing officer observed, the plaintiff requested a hearing pursuant to a board regulation. (ROR, Final Decision, p. 2.) See supra note 1. "Although an agency rule, policy or regulation may require a hearing, that hearing will not qualify the proceedings as a contested case unless the agency isstatutorily required to determine the legal rights or privileges of the party aggrieved in that proceeding." (Emphasis in original.) Lewis v.Gaming Policy Board, supra, 704-05. Nor is it sufficient for the plaintiff to argue that the statutes in Chapter 174 adopt or incorporate the regulations. See Terese B. v. Commissioner of Children Families,68 Conn. App. 223, 237 ___ A.2d ___ (2002). Instead, "[t]he applicable statute itself must provide for a hearing." Id., 236. Because the board is not required by a state statute to hold a hearing, this matter is not a "contested case" under the usual definition.[4]
 III
In Summit Hydropower, the Supreme Court noted that it "is far from clear whether the `required by statute' language in General Statutes (Rev, to 1987) § 4-166 (2) . . . [refers] to federal statutory law."Summit Hydropower Partnership v. Commissioner of EnvironmentalProtection, supra, 226 Conn. 803 n. 14. The court went on to "assume, strictly for the purposes of this appeal, that the `required by statute' language incorporates federal statutory law." Id. The plaintiff now asserts that § 102(c)(1) of the federal Rehabilitation Act of 1973. which is codified at 29 U.S.C. § 722 (c)(1), requires the board to hold a hearing and therefore satisfies the "required by statute" standard.
The Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. ("the Rehabilitation Act" or "the Act"), provides, among other things, for a state to receive federal funding for its vocational rehabilitation programs if those programs meet certain federal guidelines. See Mallet v.Wisconsin Division of Vocational Rehabilitation, 130 F.3d 1245, 1247 (7th Cir. 1997). Section § 722(c)(1) in the Act provides as follows:
 Each State shall establish procedures for mediation of, and procedures for review through an impartial due process hearing of, determinations made by personnel of the designated State unit that affect the provision of vocational rehabilitation services to applicants or eligible individuals.
29 U.S.C. § 722 (c)(1). There is no dispute that the board receives CT Page 8168 federal funding under the Act; (Defendant's Brief p. 3; Defendant's Post Argument Memorandum, p. 3.); and that, in general, the Act applies to the board.[5] The parties also agree that the mandatory language of § 722(c)(1) requires the board to hold a hearing in a case like the present one to review the denial of an application for vocational rehabilitation services. Accordingly, this court must now answer the question left open in Summit Hydropower of whether the "required by statute" language in § 4-166 (2) encompasses federal statutes.[6]
In answering this question, the court must engage in statutory interpretation. The process of statutory interpretation "involves a reasoned search for the intention of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) Kindl v.Department of Social Services, 69 Conn. App. 563, 567, ___ A.2d ___ (2002). The court must also be mindful of the principle that "legislation is to be construed in light of a strong presumption in favor of jurisdiction." Id.
Prior to 1973, the phrase "required by statute" in § 4-166 (2) read "required by law." The 1973 Public Act that effected the change "was intended to narrow the scope of General Statutes § 4-166 (2) by clarifying a previously perceived ambiguity." Reitzer v. Board ofTrustees of State Colleges, 2 Conn. App. 196, 203, 477 A.2d 129 (1984); accord Lewis v. Gaming Policy Board, supra, 224 Conn. 706-07.[7] Under the new language, the Appellate Court held that a hearing required by the constitution is not "required by statute" within § 4-166 (2). Reitzerv. Board of Trustees of State Colleges, supra, 202-03. Cf. Hedgepeth v.North Carolina Division of Services for the Blind, 142 N.C. App. 338,543 S.E.2d 169, 173-74 (2001) (hearing mandated by Rehabilitation Act and state administrative code was "required by law" and thus became "contested case").
The Supreme Court addressed the meaning of § 4-166 (2) at some length in Lewis v. Gaming Policy Board, supra, 224 Conn. 699-709. There the Court rejected the argument that a hearing required by agency rule qualifies as one "required by statute" under § 4-166 (2). The Court observed that § 4-166 (2) "provides that the legislature, rather than the agencies, has the primary and continuing role in deciding which class of proceedings should enjoy the full panoply of procedural protections afforded by the UAPA to contested cases, including the right to appellate review by the judiciary." (Footnote omitted.) Lewis v. Gaming PolicyBoard, supra, 224 Conn. 709. The Court added that "[d]eciding which class CT Page 8169 of cases qualifies for contested case status reflects an important matter of public policy and the primary responsibility for formulating public policy must remain with the legislature." (Internal quotation marks omitted.) Id.
Although Congress is certainly a "legislature," and the Lewis court did not explicitly limit its analysis to the "Connecticut legislature," it is hard to imagine that the court had Congress in mind when it emphasized that the "legislature" should have the primary role in deciding which administrative proceedings qualify for judicial review. The apparent point of the language in Lewis is that the Connecticut General Assembly, because it is elected by the voters in Connecticut, should decide Connecticut public policy. See Consolidated Diesel Electric Corp. v.Stamford, 156 Conn. 33, 39, 238 A.2d 410 (1968). It would have been illogical for the court to have suggested that the Congress of the United States should decide an important issue of state public policy.
Similarly, there is little reason to believe that the General Assembly envisioned Acts of Congress when it added the "required by statute" language in 1973. When Congress enacted the Rehabilitation Act in that same year, the Act did not contain a requirement similar to that of § 722(c)(1) that states afford hearings to unsuccessful applicants for state aid. See Rehabilitation Act of 1973, Pub.L. No. 93-112, § 102, 87 Stat. 355 (1973).[8] In fact, the court is not aware of any federal statute that required a Connecticut agency to hold an administrative hearing in 1973. See Summit Hydropower Partnership v.Commissioner of Environmental Protection, supra, 226 Conn. 804-07 (federal Clean Water Act, 33 U.S.C. § 1341 (a)(1) (1988), did not require commissioner of environmental protection to hold hearing). Thus, for the General Assembly in 1973 to have given Congress the authority to determine which types of cases enjoy the right to judicial review in state courts would have been a completely unnecessary gesture. The court concludes that the General Assembly did not intend the phrase "required by statute" in § 4-166 (2) to include federal statutes. See alsoLimongelli v. New Jersey State Board of Dentistry, 137 N.J. 317,645 A.2d 677, 681 (1993) ("required by constitutional right or by statute" in New Jersey contested case definition refers to the federal and state constitutions and "another New Jersey statute"). Accordingly, § 722(c)(1) in the Rehabilitation Act does not enable this court to exercise jurisdiction.[9]
 IV
In her original complaint, the plaintiff alleged that his court has jurisdiction under General Statutes § 4-183 (a). (Appeal, p. 3 ¶ 21.) After the jurisdictional issue arose at oral argument of this CT Page 8170 appeal, the plaintiff filed an amended complaint, with the board's consent, that alleges jurisdiction under both § 4-183 (a) and29 U.S.C. § 722 (c)(5)(1)(i). (First Amended Complaint, p. 3 ¶ 21.)
Section 722(c)(5)(J)(i) of Title 29, U.S.C. provides as follows:
 Any party aggrieved by a final decision described in subparagraph (I), may bring a civil action for review of such decision. The action may be brought in any State court of competent jurisdiction or in a district court of the United States of competent jurisdiction without regard to the amount in controversy.
There can be no dispute that the plain language of § 722(c)(5)(J) (i) creates a right of action for review of board decisions.[10] An action under the Rehabilitation Act, however, is different than an appeal under the UAPA. Under the Rehabilitation Act, the court "shall hear additional evidence at the request of a party to the action; and . . . basing the decision of the court on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate."29 U.S.C. § 722 (C)(5)(J) (ii) (II) and (III). Under the UAPA, in contrast, review is generally "confined to the record," General Statutes § 4-183 (i), and is "very restricted." (Internal quotation marks omitted.) MacDermid, Inc. v. Department of Environmental Protection,257 Conn. 128, 136-37, 778 A.2d 7 (2001); General Statutes § 4-183
(j).
The court finds that the plaintiff has failed to prove her allegation that this action arises under § 722(c)(5)(J)(i). This court should review the case on the theory upon which it was tried. See Haighv. Haigh, 50 Conn. App. 456, 467, 717 A.2d 837 (1998). The plaintiff never approached this case as a direct civil action against the board. Instead, she treated the case as an administrative appeal under the UAPA based on the record, the briefs, and oral argument. The allegation of jurisdiction under § 722(c)(5)(J)(i) was purely an afterthought. Surely a court does not acquire jurisdiction based on the plaintiffs allegation of a jurisdictional basis that is irrelevant to the case. Therefore, the plaintiffs allegation that this court has jurisdiction under § 722(c)(5)(J)(i) does not confer jurisdiction on the court in this case.
Moreover, because the General Assembly has not waived sovereign immunity for suits under the Rehabilitation Act, the state court is not a court "of competent jurisdiction" within § 722(c)(5)(J)(i). A court of "competent jurisdiction" is one that at least has subject matter CT Page 8171 jurisdiction under that forum's jurisdictional statutes. See UnitedStates v. Morton, 467 U.S. 822, 828 (1984); Saraco v. Hallet,831 F. Sup. 1154, 1162 (E.D. Pa. 1993), aff'd, 61 F.3d 863 (3d Cir. 1995), cert. denied, 517 U.S. 1166 (1996). In the absence of a state statute waiving the state's sovereign immunity and consenting to be sued under the Act, this court lacks subject matter jurisdiction. See FederalDeposit Insurance Corp. v. Peabody, N.E., Inc., 239 Conn. 93, 99, 101,680 A.2d 1321 (1996). "[T]he state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed, by use of express terms." (Internal quotation marks omitted.) White v.Burns, 213 Conn. 307, 312-13, 567 A.2d 1195 (1990). There is no such statute here.
The state's receipt of funds under the Act does not substitute for that clear legislative expression. See Garcia v. S.U.N.Y. Health SciencesCenter of Brooklyn, 280 F.3d 98, 113-14 (2d Cir. 2001). Further, because Congress enacted the Act under Article I of the constitution rather than the fourteenth amendment, id., 113, Congress lacked the power unilaterally to abrogate the state's immunity to suits in its own courts. See Alden v. Maine, 527 U.S. 706, 754 (1999). Accordingly, this court is not a court of "competent jurisdiction" and therefore does not have jurisdiction under the Rehabilitation Act.
 V
The appeal is dismissed for lack of subject matter jurisdiction.
 Carl J. Schuman Judge, Superior Court